CRONIN FRIED SEKIYA KEKINA & FAIRBANKS
841 Bishop Street, Suite 600
Honolulu, Hawaii 96813
Telephone: (808) 0227-8601

JASON S. KIM, ESQ.
Suite 303, Young's Professional Building
788 North Marine Drive
Upper Tumon, Guam 96813
Telephone: (671) 649-8123

Attorneys for Plaintiff:
*HUN SANG LEE*



FILED
DISTRICT COURT OF GUAM

NOV 16 2004

MARY L. M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| HUN SANG LEE, ) | CIVIL CASE NO. CV04-00027 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | PLAINTIFF'S FIRST |
| ) | AMENDED COMPLAINT |
| MANHATTAN GUAM, INC. dba ROYAL ) | |
| ORCHID HOTEL, ANTHONY ROBINS ) | |
| AND ASSOCIATES, O.A. COLOMA, P.C.,) | |
| PHOENIX UNITED CORP., LTD., ) | |
| WINZLER & KELLY CONSULTING ) | |
| ENGINEERS, and DOE DEFENDANTS ) | |
| One through Ten, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The Plaintiff Hun Sang Lee states the following for his Complaint:

1.     Plaintiff HUN SANG LEE is a resident of Inchon, South Korea.

2.     Defendant MANHATTAN GUAM, INC. dba ROYAL ORCHID HOTEL ("Royal

Orchid Hotel") is a Guam corporation properly licensed to engage in business in the Territory of

Guam, and as such is engaged in the business of, among other things, operating a hotel with a

swimming pool known as the Royal Orchid Hotel in Tumon, Guam.

3.     The events described herein relate to serious and permanent injuries sustained by

Plaintiff while swimming in said hotel swimming pool (hereinafter "subject pool").

Hun Sang Lee v. Manhattan Guam, Inc. dba Royal Orchid Hotel, et al.
PLAINTIFF'S FIRST AMENDED COMPLAINT
Civil Case No. CV_____

Page 2

4.      Upon information and belief, Defendant Anthony Robins and Associates, P.C. (hereinafter "Robins") participated in the design of the subject pool.

5.      Upon information and belief, Defendant O. A. Coloma, P.C. (hereinafter "Coloma") participated in the design of the subject pool.

6.      Upon information and belief, Defendant Phoenix United Corp., Ltd. (hereinafter "Phoenix") participated in the construction of the subject pool.

7.      Upon information and belief, Defendant Winzler & Kelly Consulting Engineers (hereinafter "Winzler & Kelly") participated in construction phase and post-construction phase inspections of the subject pool.

8.      Doe Defendants One through Ten are sued herein under fictitious names for the reason that after diligent and good faith efforts to ascertain their names and identities, their true name and identities are presently unknown to Plaintiff, except that they were connected in some manner with the above-named Defendant and/or were persons, corporations, business entities, partnerships, governmental entities, agents, servants, employees, representatives, co-venturerers, or associates who were in some manner responsible for the injuries and damages to the Plaintiff, including but not limited to persons or entities responsible for design, construction, and maintenance of the subject swimming pool. They will be named as Defendants as soon s their true identity is determined.

9.      Upon information and belief, all Defendants, and each of them, are and were at all times material herein corporations, partnerships or other business entities formed and existing under the laws of a "State" of the United States within the meaning of 28 U.S.C. §1332(d).

Hun Sang Lee v. Manhattan Guam, Inc. dba Royal Orchid Hotel, et al.
PLAINTIFF'S FIRST AMENDED COMPLAINT
Civil Case No. CV_____

Page 3

10.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

11.     On November 17, 2002, the plaintiff was a guest at the Defendant Royal Orchid Hotel, in Tumon, Guam, while on vacation from South Korea.

12.     On November 17, 2002, at approximately 2:30 p.m., Plaintiff entered the pool area of the hotel for the purpose of swimming.

13.     Thereafter, Plaintiff made a shallow dive into the swimming pool and struck his head on concrete steps which abutted into the swimming pool and which could not be seen from the surface at the time. Plaintiff was thereafter transported to Guam Memorial Hospital, where he was diagnosed as a paraplegic, which paraplegia is directly attributable to injuries which occurred in the Defendant Royal Orchid Hotel's swimming pool.

14.     Defendant Royal Orchid Hotel was under a duty to exercise reasonable care to provide safe premises, and to warn against hazardous conditions in the pool area.

15.     As a direct and proximate result of the negligence of Defendant Royal Orchid Hotel in failing to provide for the safety of the hotel patrons and by creating and maintaining dangerous and hazardous conditions in and around its swimming pool, Plaintiff was rendered a paraplegic.

16.     The negligence of Defendant Royal Orchid Hotel included, but was not necessarily limited to, the following:

a.      Defendant Royal Orchid Hotel built dangerous concrete steps protruding into the swimming pool instead of recessed steps, and thereafter operated in the swimming pool with this

Hun Sang Lee v. Manhattan Guam, Inc. dba Royal Orchid Hotel, et al.
PLAINTIFF'S FIRST AMENDED COMPLAINT
Civil Case No. CV_____

Page 4

dangerous condition present, all in violation of Guam=s Rules and Regulations relating to public swimming pools;

   b.   Defendant Royal Orchid Hotel failed to paint the protruding steps a contrasting color or otherwise warn patrons of their existence;

   c.   Defendant Royal Orchid Hotel negligently failed to post and adequately translate into Korean a conspicuous warning sign that a lifeguard was not on duty and that the swimmers swim at their own risk and that diving is prohibited, despite the fact that Defendant Royal Orchid Hotel was encouraging Korean tourists to stay at its hotel.

   17.   As a direct and proximate result of the negligence of Defendant Royal Orchid Hotel, Plaintiff was rendered paraplegic and has lost movement in his legs and control of his bowel and bladder functions, which condition is permanent. The Plaintiff has and will incur substantial medical and hospital expenses throughout his life expectancy. He has lost employment income and will never be employable in an occupation which requires mobility, with consequent loss of future income. He has and will incur substantial pain and suffering, and has been and will be unable to engage in any activities requiring mobility. This has resulted in severe emotional distress to Plaintiff and loss of enjoyment of life.

## COUNT II

   18.   Plaintiff reasserts and realleges, as if fully set forth herein, the allegations of Paragraphs 1 through 17 above.

   19.   Defendants Robins, Coloma, Phoenix, and Winzler & Kelly, and each of them, participated in the design, construction and/or inspection of the subject pool.

Hun Sang Lee v. Manhattan Guam, Inc. dba Royal Orchid Hotel, et al.
PLAINTIFF'S FIRST AMENDED COMPLAINT
Civil Case No. CV_____

Page 5

20.     Defendants Robins, Coloma, Phoenix, and Winzler & Kelly, and each of them, owed to prospective users of the subject pool a duty to exercise reasonable care in said Defendants' decisions, recommendations and activities relating to the design, construction and/or inspection of the subject pool.

21.     Defendants Robins, Coloma, Phoenix, and Winzler & Kelly, and each of them, were negligent and breached their duty of reasonable care by, among other things:

a.     Allowing the subject pool to be designed, construction and/or maintained with dangerous concrete steps protruding into the swimming pool instead of recessed steps, in violation of Guam's Rules and Regulations relating to public swimming pools; and

b.     Allowing the subject pool to be designed, constructed and/or maintained without the protruding steps being painted a contrasting color, or otherwise containing warnings of the recessed steps' existence, to users of the subject pool;

WHEREFORE, the Plaintiff requests this Court to enter judgment against the Defendants, jointly and severally, in an amount sufficient to compensate him for his injuries and damages, for interest as provided by law, for the costs of this action, and for such other relief as the Court may deem just.

DATED this _15_ day of _November_, 2004.

CRONIN FRIED SEKIYA KEKINA & FAIRBANKS
JASON S. KIM, ESQ.
Attorneys for Plaintiff
*HUN SANG LEE*

By: _____
        JASON S. KIM

Hun Sang Lee v. Manhattan Guam, Inc. dba Royal Orchid Hotel, et al.
PLAINTIFF'S FIRST AMENDED COMPLAINT
Civil Case No. CV_____

Page 6

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial to a jury of six on all issues so triable.