**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868/69
FACSIMILE: (671) 477-2511

*Attorneys for Defendant*
*Manhattan Guam, Inc.,*
*dba Royal Orchid Hotel*

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| HUN SANG LEE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MANHATTAN GUAM, INC., dba ROYAL ) <br> ORCHID HOTEL, ANTHONY ROBINS AND ) <br> ASSOCIATES, O.A. COLOMA, P.C., ) <br> PHOENIX UNITED CORP., LTD., WINZLER ) <br> & KELLY CONSULTING ENGINEERS, and ) <br> DOE DEFENDANTS One through Ten ) <br> DEFENDANTS One through Ten, ) <br> ) <br> Defendants. ) <br> ———————————————————) <br> ) <br> MANHATTAN GUAM, INC. dba ROYAL ) <br> ORCHID HOTEL, ) <br> ) <br> Cross-Claimant, ) <br> ) <br> vs. ) <br> ) <br> ANTHONY ROBINS AND ASSOCIATES, ) <br> O.A. COLOMA, P.C., PHOENIX UNITED ) <br> CORP., LTD., WINZLER & KELLY ) <br> CONSULTING ENGINEERS ) <br> ) <br> Cross-Defendants. ) <br> ———————————————————) | CIVIL CASE NO. CV04-00027 <br><br> **ANSWER TO FIRST AMENDED COMPLAINT AND CROSS-CLAIMS OF MANHATTAN GUAM, INC. AGAINST ROBINS AND ASSOCIATES, O.A. COLOMA, P.C., PHOENIX UNITED CORP., LTD., AND WINZLER & KELLY CONSULTING ENGINEERS** |

Manhattan Guam, Inc., dba Royal Orchid Hotel (hereinafter "Defendant" or "MGI") responds and answers the allegations in the First Amended Complaint ("FAC") in the above-entitled action as follows:

## FIRST DEFENSE

The FAC, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

As a Second Defense to the FAC:

1. Defendant admits the allegations contained in paragraph 1 of the FAC.

2. Defendant admits the allegations contained in paragraph 2 of the FAC.

3. Defendant denies the allegations contained in paragraph 3 of the FAC.

4. Defendant admits the allegations contained in paragraph 4 of the FAC.

5. Defendant admits the allegations contained in paragraph 5 of the FAC.

6. Defendant admits the allegations contained in paragraph 6 of the FAC.

7. Defendant admits the allegations contained in paragraph 7 of the FAC.

8. Defendant is without sufficient information to form a belief as to the truthfulness of the allegations in paragraph 8 of the FAC and therefore denies the same.

9. Defendant admits that Manhattan Guam is a business entity formed under the laws of Guam, and is without sufficient information to form a belief as to the truthfulness of the remaining allegations in paragraph 9 of the FAC and therefore denies the same.

10. Defendant admits the allegations contained in paragraph 10 of the FAC.

11. Defendant admits the allegations contained in paragraph 11 of the FAC.

12. Defendant admits the allegations contained in paragraph 12 of the FAC.

13. Defendant denies the allegations contained in paragraph 13 f the FAC.

14. Paragraph 14 of the FAC contains arguments of law and not allegations of fact and therefore does not require a response. To the extent a response is deemed necessary, Defendant denies the statements contained in said paragraph as being an inaccurate statement of the law.

15. Defendant denies the allegations contained in paragraph 15 of the FAC.

16. Defendant denies the allegations contained in paragraph 16a through 16c of the FAC.

17. Defendant denies the allegations contained in paragraph 17 of the FAC.

18. As its answer to paragraph 18, Defendant incorporates its answers to paragraphs 1 through 17 in the FAC as though set forth fully herein.

19. Defendant admits the allegations contained in paragraph 19 of the FAC.

20. Paragraph 20 of the FAC contains arguments of law and not allegations of fact and therefore does not require a response. To the extent a response is deemed necessary, Defendant denies the statements contained in said paragraph as being an inaccurate statement of the law.

21. Defendant is without sufficient information to form a belief as to the truthfulness of the allegations in paragraphs 21a and 21b of the FAC and therefore denies the allegations contained therein.

22. All other allegations in the FAC not specifically addressed above are denied.

## II. AFFIRMATIVE DEFENSES

### First Affirmative Defense

Any injuries or damages Plaintiff sustained were caused primarily by his own negligence, and his claims are therefore barred.

### Second Affirmative Defense

Any injuries or damages Plaintiff sustained were partially caused by their his negligence, and his damages, if any, must be reduced by the percentage of causal negligence attributable to him.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of assumption of the risk.

## III. CROSS-CLAIMS OF MANHATTAN GUAM, INC.

Cross-Claimant Manhattan Guam, Inc. ("MGI"), as its Cross-Claim against Cross-Defendants Anthony Robins and Associates, P.C. ("Robins"), O.A. Coloma, P.C. ("Coloma"), Phoenix United Corp., Ltd ("Phoenix"), and Winzler & Kelly Consulting Engineers ("Winzler & Kelly"), alleges as follows:

1. The Court has jurisdiction over this matter pursuant to 7 G.C.A. § 3105.

2. MGI is a domestic corporation, properly licensed to conduct business in Guam.

3. On information and belief, Cross-Defendant Robins is a domestic Guam corporation properly licensed to engage in business in Guam.

4. On information and belief, Cross-Defendant Coloma is a domestic Guam corporation properly licensed to engage in business in Guam.

5. On information and belief, Cross-Defendant Phoenix is a domestic Guam corporation properly licensed to engage in business in Guam.

6. On information and belief, Cross-Defendant Winzler & Kelly is a domestic Guam corporation properly licensed to engage in business in Guam.

7. Cross-Defendants Robins, Coloma, Phoenix, and Winzler & Kelly participated in the design and/or construction of the swimming pool that is the subject of this lawsuit ("Pool").

8. On information and believe, on or about November 17, 2002, the Plaintiff, Hun Sang Lee, was a guest at the Royal Orchid Hotel, and is alleged to have injured himself when he dove into the Pool.

9. On or about May 28, 2004, Plaintiff in the above-captioned cause initiated suit against MGI, alleging, *inter alia*, that MGI was negligent in failing to provide for the safety of the hotel guests and by "creating and maintaining dangerous and hazardous conditions in and around its swimming pool", MGI was the proximate cause of the injuries and damages claimed by the Plaintiff.

10. Plaintiff alleges that MGI's negligence includes, but is not limited to, the following:

    a. MGI constructed "dangerous concrete steps protruding into the swimming pool instead of recessed steps";

    b. MGI failed to "paint the protruding steps a contrasting color or otherwise warn patrons of their existence"; and

5

c. MGI was negligent in failing to "post and adequately translate into Korean a conspicuous warning sign that a lifeguard was not on duty and that the swimmers swim at their own risk".

## Cross-Claim Against Anthony Robins and Associates

11. MGI reasserts and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 10 of its Cross-Claims.

12. As a direct and proximate result of the negligence of Robins, MGI is exposed to liability and is obligated to defend the above-captioned cause and might thereby become legally obligated to pay certain amounts to Plaintiff herein as damages.

13. MGI denies that it is in any manner responsible for the injuries and damages claims by Plaintiff herein. If, however, liability is imposed upon MGI as a result of the acts and omissions alleged in the First Amended Complaint, any such liability is wholly derivative of the supervening acts and omissions of Robins who, in such case, is jointly and severally bound to indemnify MGI.

## Cross-Claim Against O.A. Coloma, P.C.

14. MGI reasserts and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 10 of its Cross-Claims.

15. As a direct and proximate result of the negligence of Coloma, MGI is exposed to liability and is obligated to defend the above-captioned cause and might thereby become legally obligated to pay certain amounts to Plaintiff herein as damages.

16. MGI denies that it is in any manner responsible for the injuries and damages claims by Plaintiff herein. If, however, liability is imposed upon MGI as a result of the acts and omissions alleged in the First Amended Complaint, any such liability is wholly

derivative of the supervening acts and omissions of Coloma who, in such case, is jointly and severally bound to indemnify MGI.

## Cross-Claim Against Phoenix United Corp., Ltd.

17. MGI reasserts and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 10 of its Cross-Claims.

18. As a direct and proximate result of the negligence of Phoenix, MGI is exposed to liability and is obligated to defend the above-captioned cause and might thereby become legally obligated to pay certain amounts to Plaintiff herein as damages.

19. MGI denies that it is in any manner responsible for the injuries and damages claims by Plaintiff herein. If, however, liability is imposed upon MGI as a result of the acts and omissions alleged in the First Amended Complaint, any such liability is wholly derivative of the supervening acts and omissions of Phoenix who, in such case, is jointly and severally bound to indemnify MGI.

## Cross-Claim Against Winzler & Kelly Consulting Engineers

20. MGI reasserts and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 10 of its Cross-Claims.

21. As a direct and proximate result of the negligence of Winzler & Kelly, MGI is exposed to liability and is obligated to defend the above-captioned cause and might thereby become legally obligated to pay certain amounts to Plaintiff herein as damages.

22. MGI denies that it is in any manner responsible for the injuries and damages claims by Plaintiff herein. If, however, liability is imposed upon MGI as a result of the acts and omissions alleged in the First Amended Complaint, any such liability is wholly

7

derivative of the supervening acts and omissions of Winzler & Kelly who, in such case, is jointly and severally bound to indemnify MGI.

WHEREFORE, MGI prays for judgment as follows:

1. That the FAC of Plaintiff be dismissed, that judgment be entered against Plaintiffs and that Plaintiff take nothing thereby;

2. That in the event that Defendant/Cross-Claimant MGI is adjudged liable, that this Court enter judgment against any and all such cross-defendants indemnifying MGI from all damages which may be awarded against Plaintiff or, in the alternative;

3. That this Court enter judgment in favor of MGI for contribution, apportioning the liability of each joint tortfeasor on the basis of their comparative fault;

4. That this Court award MGI costs, expenses, and attorney fees incurred in defending the lawsuit; and

5. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 3th day of December, 2004.

CIVILLE & TANG, PLLC

By: _____
G. PATRICK CIVILLE
Attorneys for Defendant
Manhattan Guam, Inc., dba Royal Orchid Hotel

8