RANDALL TODD THOMPSON
MAIR, MAIR, SPADE & THOMPSON
238 A.F.C. Flores Street
Suite 801, Pacific News Building
Hagåtña, Guam 96910
Telephone: (671) 472-2089
Telefax: (671) 477-5206

ROBERT J. O'CONNOR
O'CONNOR BERMAN DOTTS & BANES
2nd Floor, Nauru Building, Susupe
P.O. Box 501969,
Saipan, MP 96950-1969
Telephone: (670) 234-5684
Telefax: (670) 234-5683

Attorneys for Defendant/Third-Party Plaintiff
Winzler & Kelly Consulting Engineers

**FILED**
DISTRICT COURT OF GUAM
JAN 3 1 2005
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| HUN SANG LEE,<br><br>    Plaintiff,<br><br>  v.<br><br>MANHATTAN GUAM, INC. dba ROYAL ORCHID HOTEL, ANTHONY ROBINS AND ASSOCIATES, O.A. COLOMA, P.C., PHOENIX UNITED CORP., LTD., WINZLER & KELLY CONSULTING ENGINEERS, and DOE DEFENDANTS One through Ten,<br><br>    Defendants.<br><br>WINZLER & KELLY CONSULTING ENGINEERS,<br><br>    Third-Party Plaintiff,<br><br>  v.<br><br>VSL PRESTRESSING (GUAM), INC.,<br><br>    Third-Party defendant. | CIVIL CASE NO.: CIV04-00027<br><br>ANSWER OF DEFENDANT WINZLER & KELLY CONSULTING ENGINEERS TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; THIRD-PARTY COMPLAINT |

//

**ORIGINAL**

-1-

## ANSWER OF DEFENDANT WINZLER & KELLY CONSULTING ENGINEERS

**COMES NOW** the Defendant Winzler & Kelly Consulting Engineers (hereinafter "Defendant Winzler & Kelly" or "Winzler & Kelly"), to answer the First Amended Complaint as follows:

1. Defendant Winzler & Kelly admits that the allegations contained in paragraphs 2, 9 and 14 are true.

2. Defendant Winzler & Kelly denies that the allegations contained in paragraphs 7 and 21 are true.

3. With respect to paragraphs 1, 3, 4, 5, 6, 8, 11, 12, 13, 15, 16 and 17, Defendant Winzler & Kelly is without sufficient information to admit or deny the allegations contained therein and on that basis denies said allegations are true.

4. With respect to paragraph 10, Defendant Winzler & Kelly admits only that the amount in controversy exceeds $75,000 exclusive of interest and costs. Defendant Winzler & Kelly lacks sufficient information and belief to formulate a response to the allegation that jurisdiction exists due to complete diversity between the Plaintiff and all defendants, and basing its denial thereon, denies generally and specifically each and every allegation pertaining to diversity of citizenship.

5. With respect to paragraph 18, Defendant Winzler & Kelly reincorporates its responses herein to the paragraphs reasserted in this incorporation paragraph.

6. With respect to paragraph 19, Defendant Winzler & Kelly is without sufficient information to admit or deny that defendants Anthony Robins and Associates ("Robins"), O.A. Coloma, P.C. ("Coloma") and/or Phoenix United Corp. ("Phoenix") participated in the design, construction and/or inspection of the subject pool and on that basis denies said allegations are true. Defendant Winzler & Kelly denies that Winzler & Kelly participated in the design, construction and/or inspection of the subject pool.

7. With respect to paragraph 10, Defendant Winzler & Kelly is without sufficient information to admit or deny that defendants Robins, Coloma and/or Phoenix owed to prospective users of the subject pool any duty to exercise reasonable care in their decisions, recommendations and activities relating to the design, construction and/or inspection of the subject pool because Winzler & Kelly does not know if Robins, Coloma and/or Phoenix ever were involved in any decisions, recommendations or activities relating to the design, construction and/or inspection of the subject pool. Defendant Winzler & Kelly denies that it was involved in any decisions, recommendations or activities relating to the design, construction and/or inspection of the subject pool which would give rise to or require it to owe any duty of care to prospective users of the subject pool.

8. In the event there is any allegation in the First Amended Complaint which this answering Defendant failed to address above, then all such allegations are denied.

## AFFIRMATIVE DEFENSES

1. The cause of action fails to state a claim upon which relief may be granted.

2. There is no diversity of citizenship.

3. The allegations of the first amended complaint are insufficient for the Court or the parties to determine whether there is complete diversity of citizenship between the Plaintiff and the Defendants.

4. This action is barred in whole or in part by the applicable statute of limitations, statutes of repose, or other limitation on the bringing of suits.

5. Plaintiff lacks standing to assert any of the claims alleged in this First Amended Complaint against Defendant Winzler & Kelly.

6. The claims in the First Amended Complaint may be barred in whole or in part by the doctrines of estoppel, waiver and *laches*.

7. Plaintiff is estopped from asserting the allegations contained in the First Amended Complaint, and each and every alleged claim contained therein, by reason of the acts, omissions, and course of conduct of the Plaintiff.

8. Plaintiff has failed to name necessary and/or indispensable parties.

9. Plaintiff's First Amended Complaint fails to comply with the Federal Rules of Civil Procedure, Rule 17.

10. The damages alleged in the First Amended Complaint resulted solely and proximately from the negligent and careless conduct of the Plaintiff and the amount of damages recoverable from Winzler & Kelly, if any, must be reduced in an amount commensurate to the percentage of causal negligence attributable to the Plaintiff.

11. The claims set forth in this action are barred in their entirety in as much as the fault and comparative negligence of the Plaintiff was greater than that, if any, of Winzler & Kelly.

12. The Plaintiff's claims are barred by the doctrine of Assumption of the Risk.

13. The damage suffered by Plaintiff resulted from an intervening or superceding cause independent from any act or omission attributable to Defendant Winzler & Kelly.

14. Plaintiff's claims are barred as a matter of law by application of the open and obvious danger defense.

15. Winzler & Kelly expressly denies all allegations of the Complaint which allege or imply that Winzler & Kelly was retained or undertook to design and plan the Royal Orchid Hotel swimming pool or pool area.

16. Winzler & Kelly further affirmatively alleges that the contractual responsibility for, and work actually done in the design, planning and construction of the pool and pool area for the Royal Orchid Hotel, were performed by a third party or third parties

unrelated to Winzler & Kelly. Winzler & Kelly had no responsibility for and did no work in that regard.

17. Plaintiff has misjoined claims in violation of Rule 18(a), Guam Rules of Civil Procedure.

18. Winzler & Kelly gives notice that it intends to rely on the defense that Winzler & Kelly's work was performed in compliance with applicable governmental and industry standards and specifications.

19. Winzler & Kelly gives notice that it will rely on the defense that the state of the art and standards of industry, as applied to this case, preclude the relief prayed for by Plaintiff against Winzler & Kelly.

20. If Plaintiff was injured or damaged as alleged, Plaintiff's injuries and damages were proximately caused by misuse, abuse, or negligent use of the premises, and said improper acts of Plaintiff were the proximate cause of Plaintiff's alleged injuries and damages and were unforeseeable and unanticipated by Winzler & Kelly.

**REQUEST FOR RELIEF**

**WHEREFORE**, Defendant Winzler & Kelly prays that,

1. Judgment be entered on its behalf and against Plaintiff;
2. The Court award its costs, expenses and attorney fees; and
3. Such other and further relief this Court deems appropriate.

**WINZLER & KELLY CONSULTING ENGINEERS'**

**THIRD-PARTY COMPLAINT AGAINST VSL PRESTRESSING (GUAM), INC.**

1. Third-Party Plaintiff is Winzler & Kelly Consulting Engineers (hereinafter "Winzler & Kelly"), a California corporation with its principal office in California.

2. Third-Party Defendant is VSL Prestressing (Guam), Inc. (hereinafter "VSL") who on information and belief is a Guam corporation properly licensed to engage in business in

the Territory of Guam, and as such is engaged in the business of, among other things, providing architectural and engineering services.

3. The Court has ancillary jurisdiction over this matter pursuant to Rule 14 of Federal Rules of Civil Procedure. The amount in controversy exceeds $75,000.00.

4. On November 16, 2004, the Plaintiff in the action filed a first amended complaint naming Winzler & Kelly as a defendant and alleging that the Plaintiff on November 17, 2002 made a shallow dive into a swimming pool at the Royal Orchid Hotel on Guam, struck his head and suffered permanent injuries to his spine. The first amended complaint further alleged defendant Winzler & Kelly participated in the design, construction and/or inspection of the pool and that Winzler & Kelly breached its duty of reasonable care by allowing the subject pool to be designed, constructed and/or maintained with dangerous protruding concrete steps and by allowing those steps to be designed, constructed or maintained without being painted a contrasting color or otherwise containing warnings of the steps existence to users of the pool.

5. At all relevant times, Third-Party Defendant VSL held itself out to the public as skilled and competent architects and engineers, experienced in the planning and design of facilities similar to the Royal Orchid Hotel facilities.

6. At all relevant times, VSL owed a non-delegable duty of professional competence and skill to design, construct and inspect the Royal Orchid Hotel facilities including its swimming pool facilities.

7. Third-Party Plaintiff Winzler & Kelly is informed and believes and upon such information and belief alleges that VSL designed, constructed, maintained and/or inspected the subject pool, and/or caused the pool to be designed, constructed, maintained and/or inspected, and otherwise was responsible for the pool's protruding steps, the steps' lack of contrasting color, and the absence of warnings concerning those steps.

8. In the event that the design, construction, maintenance, inspection and/or lack of warnings is found to have caused, in any way or to any extent, the Plaintiff's injuries and/or

-6-

Case 1:04-cv-00027   Document 29   Filed 01/31/2005   Page 6 of 8

if Winzler & Kelly is at all or in any way found liable for those injuries then VSL is liable as well, or liable instead to Winzler & Kelly in contribution and indemnification for VSL's contribution to the injuries as aforesaid.

**FIRST CAUSE OF ACTION**

**EQUITABLE INDEMNITY AND CONTRIBUTION**

9. Third-Party Plaintiff incorporates by reference the allegations of paragraph 1 through 8 of this Third-Party Complaint.

10. If Plaintiff Hun Sang Lee is entitled to recover any damages he should recover these damages from the other Defendants and the Third-Party Defendant, not Third Party Plaintiff Winzler & Kelly. If there was a negligent design, construction, inspection or maintenance of the pool resulting in an unsafe condition which caused or contributed to Hun Sang Lee's injuries, then the negligence would have been the result, in whole or in part, of the acts or omissions of VSL. In the event of a judgment against Third-Party Plaintiff, Third-Party Plaintiff is entitled to equitable indemnity, apportionment of liability, and contribution from Third-Party Defendant for the injuries and damages allegedly suffered by Plaintiff.

11. This Third-Party Complaint shall serve as notice to Third-Party Defendant of Third-Party Plaintiff's tender of defense and demand for indemnity to Third-Party Defendant.

12. Third-Party Plaintiff denies that it is in any way responsible for Plaintiff's injuries and damages. If, however, liability is imposed on Third-Party Plaintiff as a result of matters alleged in the First Amended Complaint, that liability could only be derivative from or concurrent with the acts and liability of the Third-Party Defendant.

13. If liability is imposed on Third-Party Plaintiff as a result of matters alleged in the First Amended Complaint, Third-Party Defendant VSL has an equitable duty to indemnify Third-Party Plaintiff, either totally or in proportion to the relative degree of fault of each party to this action, for such liability.

**WHEREFORE**, Third-Party Plaintiff Winzler & Kelly prays for:

1. Contribution from VSL for any liability that may be found as a result of the design, construction, inspection, lack of inspection or maintenance of the subject pool;

2. Indemnification to Winzler & Kelly for any damages assessed against Winzler & Kelly;

3. Attorney fees and costs; and

4. Such other and further relief this Court may deem appropriate.

Dated this 31st day of January, 2005

MAIR, MAIR, SPADE & THOMPSON
238 A.F.C. Flores Street
Suite 801, Pacific News Building
Hagåtña, Guam 96910
Telephone: (671) 472-2089

By_____
RANDALL TODD THOMPSON

O'CONNOR BERMAN DOTTS & BANES
2nd Floor, Nauru Building, Susupe
P.O. Box 501969,
Saipan, MP 96950-1969
Telephone: (670) 234-5684

Attorneys for Defendant/Third-Party Plaintiff
Winzler & Kelly Consulting Engineers

2003-11-050125-PL-Ans-FAC&TPComplaint.doc