

1 RANDALL TODD THOMPSON
MAIR, MAIR, SPADE & THOMPSON
2 238 A.F.C. Flores Street
Suite 801, Pacific News Building
3 Hagåtña, Guam 96910
Telephone: (671) 472-2089
4 Telefax: (671) 477-5206

5 ROBERT J. O'CONNOR
O'CONNOR BERMAN DOTTS & BANES
6 2nd Floor, Nauru Building, Susupe
P.O. Box 501969,
7 Saipan, MP 96950-1969
Telephone: (670) 234-5684
8 Telefax: (670) 234-5683

9 Attorneys for Defendant/Cross-claim Plaintiff
Winzler & Kelly Consulting Engineers

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| HUN SANG LEE,<br><br>    Plaintiff,<br><br>v.<br><br>MANHATTAN GUAM, INC. dba ROYAL ORCHID HOTEL, ANTHONY ROBINS AND ASSOCIATES, O.A. COLOMA, P.C., PHOENIX UNITED CORP., LTD., WINZLER & KELLY CONSULTING ENGINEERS, and DOE DEFENDANTS One through Ten,<br><br>    Defendants. | CIVIL CASE NO.: CIV04-00027<br><br><br>WINZLER & KELLY CONSULTING ENGINEERS CROSS-CLAIM AGAINST MANHATTAN GUAM, INC. dba ROYAL ORCHID HOTEL |
| WINZLER & KELLY CONSULTING ENGINEERS,<br><br>    Cross-claim Plaintiff,<br><br>v.<br><br>VSL PRESTRESSING (GUAM), INC.,<br><br>    Cross-claim defendant. | |

//

COMES NOW the Defendant **Winzler & Kelly Consulting Engineers** (hereinafter "Defendant Winzler & Kelly" or "Winzler & Kelly"), which for its cross claim against **MANHATTAN GUAM, INC. dba ROYAL ORCHID HOTEL ("Manhattan") alleges and avers as follows:**

1. Cross-claim Plaintiff is Winzler & Kelly Consulting Engineers (hereinafter "Winzler & Kelly"), a California corporation with its principal office in California.

2. Cross-claim Defendant is MANHATTAN GUAM, INC. dba ROYAL ORCHID HOTEL (hereinafter "MANHATTAN") who on information and belief is a Guam corporation properly licensed to engage in business in the Territory of Guam, and as such is engaged in the business of, among other things, owning, operating and/or managing the Royal Orchid Hotel in the Territory of Guam.

3. The Court has ancillary jurisdiction over this matter pursuant to Rule 14 of Federal Rules of Civil Procedure. The amount in controversy exceeds $75,000.00.

4. On November 16, 2004, the Plaintiff in the action filed a first amended complaint naming Winzler & Kelly as a defendant and alleging that the Plaintiff on November 17, 2002 made a shallow dive into a swimming pool at the Royal Orchid Hotel on Guam, struck his head and suffered permanent injuries to his spine. The first amended complaint further alleged defendant Winzler & Kelly participated in the design, construction and/or inspection of the pool and that Winzler & Kelly breached its duty of reasonable care by allowing the subject pool to be designed, constructed and/or maintained with dangerous protruding concrete steps and by allowing those steps to be designed, constructed or maintained without being painted a contrasting color or otherwise containing warnings of the steps existence to users of the pool.

5. At all relevant times, MANHATTAN undertook to and did own and operate said Royal Orchid Hotel facilities.

6. At all relevant times, MANHATTAN owed a non-delegable duty of due care as owner of the Royal Orchid Hotel to manage, maintain and inspect the Royal Orchid Hotel facilities including its swimming pool facilities in reasonably safe condition.

7. Cross-claim Plaintiff Winzler & Kelly is informed and believes and upon such information and belief alleges that MANHATTAN owned, operated, and maintained the subject pool, and/or caused the pool to be operated and/or maintained, and otherwise was responsible for the pool's protruding steps, the steps' lack of contrasting color, and the absence of warnings concerning those steps.

8. In the event that the ownership, operation, maintenance or inspection and/or lack of warnings is found to have caused, in any way or to any extent, the Plaintiff's injuries and/or if Winzler & Kelly is at all or in any way found liable for those injuries then MANHATTAN is liable as well, or liable instead to Winzler & Kelly in contribution and indemnification for the injuries as aforesaid.

**FIRST CAUSE OF ACTION**

**EQUITABLE INDEMNITY AND CONTRIBUTION**

9. Cross-claim Plaintiff reiterates and incorporates by this reference as if fully set forth herein the allegations contained in paragraphs 1 through 8 of this Cross-claim.

10. If Plaintiff Hun Sang Lee is entitled to recover any damages he should recover these damages from the other Defendants and the Cross-claim Defendant, not Cross claim plaintiff Winzler & Kelly. If there was any negligent act or omission in connection with MANHATTAN'S ownership, control, management, inspection, operation, inspection and/or maintenance of the pool or adjacent premises resulting in an unsafe condition which caused or contributed to Hun Sang Lee's injuries, then the negligence would have been the result, in whole or in part, of the acts or omissions of MANHATTAN. In the event of a judgment against Cross-claim Plaintiff, Cross-claim Plaintiff is entitled to equitable indemnity, apportionment of

liability, and contribution from Cross-claim Defendant for the injuries and damages allegedly suffered by Plaintiff.

11. This Cross-claim Complaint shall serve as notice to Cross-claim Defendant of Cross-claim Plaintiff's tender of defense and demand for indemnity to Cross-claim Defendant.

12. Cross-claim Plaintiff denies that it is in any way responsible for Plaintiff's injuries and damages. If, however, liability is imposed on Cross-claim Plaintiff as a result of matters alleged in the First Amended Complaint, that liability could only be derivative from or concurrent with the acts and liability of the Cross-claim Defendant.

13. If liability is imposed on Cross-claim Plaintiff as a result of matters alleged in the First Amended Complaint, Cross-claim Defendant MANHATTAN has an equitable duty to indemnify Cross-claim Plaintiff, either totally or in proportion to the relative degree of fault of each party to this action, for such liability.

## SECOND CAUSE OF ACTION
## CONTRACTAUL OR EXPRESS INDEMNITY

14. Cross-claim Plaintiff reiterates and incorporates by this reference as if fully set forth herein the allegations contained in paragraphs 1 through 13 of this Cross-claim.

15. On or about July, 1997, Cross-claim Plaintiff and Cross-claim Defendant agreed to be bound by the terms of a certain "Standard Authorization for Professional Services" (hereinafter "Agreement"). Said Agreement expressly requires and binds Cross-claim Defendant to defend, indemnify and hold harmless Cross-Claim Plaintiff, its officers, directors, employees agents and subcontractors of and from any claim sustained or alleged by any person or entity, whether a party to the Agreement or not, arising out of or related to Cross-Claim Plaintiff's performance of services under the Agreement.

16. Based upon the terms of the Agreement, Cross-claim Defendant MANHATTAN must defend, indemnify and hold harmless Cross-Claim Plaintiff, its officers,

-4-
Case 1:04-cv-00027   Document 34   Filed 02/10/2005   Page 4 of 5

directors, employees agents and subcontractors of and from any claim sustained or alleged by Plaintiff Hun Sang Lee, and satisfy any portion of any judgment rendered in favor of said Plaintiff arising out of or related to Cross-claim Plaintiff's performance of services under the Agreement. In the event of a judgment against Cross-claim Plaintiff, Cross-claim Plaintiff is entitled to indemnity, apportionment of liability, and contribution from Cross-claim Defendant for the injuries and damages allegedly suffered by Plaintiff.

17. This Cross-claim Complaint shall serve as notice to Cross-claim Defendant of Cross-claim Plaintiff's tender of defense and demand for indemnity to Cross-claim Defendant under the Agreement.

18. If liability is imposed on Cross-claim Plaintiff as a result of matters alleged in the First Amended Complaint, Cross-claim Defendant MANHATTAN has a contractual duty to indemnify Cross-claim Plaintiff for such liability.

**WHEREFORE**, Cross-claim Plaintiff Winzler & Kelly prays for:

1. Contribution from MANHATTAN for any liability that may be found as a result of the design, construction, inspection, lack of inspection or maintenance of the subject pool;

2. Equitable and/or Contractual Indemnification to Winzler & Kelly for any damages assessed against Winzler & Kelly, together with reasonable defense costs and fees; and

3. Such other and further relief this Court may deem appropriate.

Dated this 10th day of February, 2005.

**MAIR, MAIR, SPADE & THOMPSON**
A Professional Corporation

O'CONNOR BERMAN DOTTS & BANES
Attorneys for Defendant/Third-Party Plaintiff
Winzler & Kelly Consulting Engineers

By _____
RANDALL TODD THOMPSON

P05317.RTT