ROBERT J. MARTIN, JR., ESQ.
HARVEY LUNG, ESQ.
BAYS DEAVER LUNG ROSE BABA
1099 Alakea Street
16th Floor, Ali'i Place
Honolulu, Hawai'i 96813
Telephone: (671) 523-9000
Facsimile: (671) 533-4184

MICHAEL A. PANGELINAN, ESQ.
JENNIFER CALVO-QUITUGUA, ESQ.
CALVO & CLARK, LLP
655 South Marine Corps Drive
Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

*Attorneys for Defendant*
Anthony Robins and Associates

FILED
DISTRICT COURT OF GUAM
JUL - 7 2005
MARY L.M. MORAN
CLERK OF COURT

(48)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GUAM

| | |
|---|---|
| HUN SANG LEE,<br><br>          Plaintiff,<br><br>v.<br><br>MANHATTAN GUAM, INC. dba ROYAL ORCHID HOTEL, ANTHONY ROBINS AND ASSOCIATES, O.A. COLOMA, P.C., PHOENIX UNITED CORP., LTD., WINZLER & KELLY CONSULTING ENGINEERS, and DOE DEFENDANTS One through Ten,<br><br>          Defendants.<br><br>MANHATTAN GUAM, INC. dba ROYAL ORCHID HOTEL,<br><br>          Crossclaimant,<br><br>v.<br><br>ANTHONY ROBINS AND ASSOCIATES, O.A. COLOMA, P.C., PHOENIX UNITED CORP., LTD., WINZLER & KELLY CONSULTING ENGINEERS,<br><br>          Crossdefendants. | CIVIL CASE 04-00027<br><br>ANTHONY ROBINS AND ASSOCIATES' ANSWER TO CROSS-CLAIMS OF MANHATTAN GUAM, INC. dba ROYAL ORCHID HOTEL AND CROSS-CLAIMS AGAINST MANHATTAN GUAM, INC. dba ROYAL ORCHID HOTEL |

Defendant ANTHONY ROBINS AND ASSOCIATES ("Anthony Robins") responds and answers the allegations in the Cross-Claim of Manhattan Guam, Inc. dba Royal Orchid Hotel ("Manhattan") in the above-entitled action as follows:

## ANSWER

1. As to paragraph 1 of the Cross-Claim, Defendant admits said allegations.

2. As to paragraphs 2, 4, 5, 6, 8, 9, 10a, 10b and 10c of the Cross-Claim, Defendant is without sufficient information to form a belief as to the truthfulness of said allegations and therefore denies the same.

3. As to paragraph 7 of the Cross-Claim, Defendant denies said allegations as to Defendant but is without sufficient information to form a belief as to the truthfulness of the allegations regarding Coloma, Phoenix, and Winzler & Kelly.

4. As to paragraphs 3, 12 and 13 of the Cross-Claim, Defendant denies said allegations.

5. As to paragraphs 15, 16, 18, 19, 21 and 22 of the Cross-Claim, Defendant is without sufficient information to form a belief as to the truthfulness of said allegations and therefore denies the same.

6. As to paragraphs 11, 14, 17 and 20, Defendant incorporates its answers to paragraphs 1 through 19 of the Cross-Claim as if fully set forth herein.

7. As to all other paragraphs and allegations not herein specifically admitted, Anthony Robins herein generally and specifically denies said allegations.

## AFFIRMATIVE DEFENSES

8. Manhattan fails to state a claim upon which relief can be granted.

9. Manhattan's claims are barred by the doctrine of laches.

10. Manhattan's claims are barred by the doctrine of unclean hands.

11. Anthony Robins' acts and conduct were not a substantial factor or proximate cause of the damages or losses alleged in Manhattan's Cross-Claim.

12. Manhattan is barred from maintaining this action against Anthony Robins, or in the alternative, its recovery should be reduced, by reason of its own acts or omissions that caused and/or contributed to the damage and/or injuries, if any, alleged in Manhattan's Cross-Claim.

13. Manhattan is barred from maintaining this action against Anthony Robins by reason of Manhattan Guam's voluntary assumption of a known risk.

14. Anthony Robins reserves the right to assert other affirmative defenses as may appear and discovery proceeds.

WHEREFORE, Cross-Claim Defendant Anthony Robins prays that Cross-Claim Plaintiff Manhattan takes nothing by its Cross-Claim.

### ANTHONY ROBINS AND ASSOCIATES' CROSS-CLAIM AGAINST MANHATTAN GUAM, INC. dba ROYAL ORCHID HOTEL

COMES NOW Defendant ANTHONY ROBINS AND ASSOCIATES ("Anthony Robins"), which for its cross-claim against MANHATTAN GUAM, INC. dba ROYAL ORCHID HOTEL ("Manhattan") alleges and avers as follows:

1. Cross-claim Plaintiff Anthony Robins and Associates is a Guam corporation.

2. Upon information and belief, Cross-claim Defendant Manhattan Guam, Inc. dba Royal Orchid Hotel (hereinafter "Manhattan") is a Guam corporation.

3. The Court has ancillary jurisdiction over this matter pursuant to Rule 14 of the Federal Rules of Civil Procedure. The amount in controversy exceeds $75,000.00.

4. On November 16, 2004, Plaintiff Hun Sang Lee filed a First Amended Complaint naming Anthony Robins as a Defendant. Therein, Plaintiff alleged that on or about November 17, 2002, he dove into a swimming pool at the Royal Orchid Hotel on Guam, struck his head on concrete steps in the pool and suffered permanent injuries to his spine. Plaintiff further alleged Defendant Anthony Robins participated in the design, construction and/or inspection of the pool and that Anthony Robins breached its duty of reasonable care by allowing the subject pool to be designed, constructed and/or maintained with dangerous protruding concrete steps that were not painted a contrasting color and did not otherwise contain a warning of the steps' existence.

5. Upon information and belief, at all relevant times herein, Manhattan owned, operated and maintained the Royal Orchid Hotel facilities.

6. Upon information and belief, at all relevant times herein, Manhattan owned, operated, and maintained the subject pool, or caused the pool to be operated and maintained, and was otherwise responsible for the pool's protruding steps, the steps' lack of contrasting color, and the absence of warnings concerning those steps.

7. At all relevant times herein, Manhattan owed a non-delegable duty of due care as owner and operator of the Royal Orchid Hotel to manage, maintain and inspect said hotel facilities, including its swimming pool facilities, in reasonably safe condition.

8. In the event that the ownership, operation, maintenance or inspection and/or lack of warnings is found to have caused, in any way or to any extent, Plaintiff's injuries and/or if Anthony Robins is at all or in any way found liable for those injuries then Manhattan is liable as well, or liable instead of Anthony Robins in contribution and indemnification for the injuries as aforesaid.

# FIRST CAUSE OF ACTION

## EQUITABLE INDEMNITY AND CONTRIBUTION

9. Cross-Claim Plaintiff hereby restates, realleges and incorporates by this reference as if fully set forth herein the allegations contained in paragraphs 1 through 8 of this Cross-Claim.

10. Any negligent act or omission in connection with Manhattan's ownership, control, management, inspection, operation, and/or maintenance of the pool or adjacent premises resulting in the unsafe condition which caused or contributed to Plaintiff's injuries, would have been the result, in whole or in part, of the acts or omissions of Manhattan.

11. Cross-Claim Plaintiff Anthony Robins did not design, construct, operate, or maintain the subject pool and therefore denies that it is in any way responsible for Plaintiff's alleged injuries and damages.

12. If liability is imposed on Cross-Claim Plaintiff Anthony Robins as a result of matters alleged in the First Amended Complaint, Cross-Claim Defendant Manhattan has an equitable duty to indemnify Anthony Robins, either totally or in proportion to the relative degree of fault of each party to this action, for such liability.

13. In the event of a judgment against Cross-Claim Plaintiff Anthony Robins, Cross-Claim Plaintiff Anthony Robins is entitled to equitable indemnity, apportionment of liability, and contribution from Cross-Claim Defendant Manhattan for the injuries and damages allegedly suffered by Plaintiff.

**WHEREFORE,** Cross-Claim Plaintiff Anthony Robins prays:

1. For contribution from Manhattan for any liability that may be found as a result of the design, construction, inspection, lack of inspection or maintenance of the subject pool;

2. For equitable indemnification to Anthony Robins for any damages assessed against Anthony Robins, together with reasonable defense costs and fees; and

3. For such other further relief as the Court may deem just and proper.

Executed this 7th day of July, 2005, in Tamuning, Guam.

BAYS DEAVER LUNG ROSE BABA
Attorneys at Law

CALVO & CLARK, LLP
Attorneys at Law

By: _____
MICHAEL A. PANGELINAN
Attorneys for Defendant Anthony
Robins and Associates