HARVEY LUNG, ESQ.
ROBERT J. MARTIN, JR., ESQ.
BAYS DEAVER LUNG ROSE BABA
1099 Alakea Street
16th Floor, Ali'i Place
Honolulu, Hawai'i 96813
Telephone: (671) 523-9000
Facsimile: (671) 533-4184

MICHAEL A. PANGELINAN, ESQ.
JENNIFER CALVO-QUITUGUA, ESQ.
CALVO & CLARK, LLP
655 South Marine Corps Drive
Suite 202, Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

*Attorneys for Defendant/Cross-Defendant/
Cross-Claimant* Anthony Robins and Associates

FILED
DISTRICT COURT OF GUAM
OCT 19 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GUAM

| | |
|---|---|
| HUN SANG LEE,<br><br>Plaintiff,<br><br>v.<br><br>MANHATTAN GUAM, INC. dba ROYAL ORCHID HOTEL, ANTHONY ROBINS AND ASSOCIATES, O.A. COLOMA, P.C., PHOENIX UNITED CORP., LTD., WINZLER & KELLY CONSULTING ENGINEERS, and DOE DEFENDANTS One through Ten,<br><br>Defendants. | CIVIL CASE 04-00027<br><br>ANTHONY ROBINS AND ASSOCIATES' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |
| MANHATTAN GUAM, INC. dba ROYAL ORCHID HOTEL,<br><br>Crossclaimant,<br><br>v.<br><br>ANTHONY ROBINS AND ASSOCIATES, O.A. COLOMA, P.C., PHOENIX UNITED CORP., LTD., WINZLER & KELLY CONSULTING ENGINEERS,<br><br>Crossdefendants. | |

G0003284

ORIGINAL

| | |
|---|---|
| WINZLER & KELLY CONSULTING ENGINEERS, | |
| | Third-Party Plaintiff, |
| v. | |
| VSL PRESTRESSING (GUAM), INC., | |
| | Third-Party Defendant. |
| ANTHONY ROBINS AND ASSOCIATES, | |
| | Cross-Claimant, |
| v. | |
| MANHATTAN GUAM, INC. dba ROYAL ORCHID HOTEL, | |
| | Cross-Defendant. |

Defendant ANTHONY ROBINS AND ASSOCIATES ("ARA") responds and answers the allegations in Plaintiff HUN SANG LEE'S First Amended Complaint in the above-entitled action as follows:

1. As to paragraph 1, Defendant is without sufficient information to form a belief as to the truthfulness of said allegations and therefore denies the same.

2. As to paragraph 2, Defendant admits said allegations.

3. As to paragraphs 3 and 4, Defendant denies said allegations.

4. As to paragraphs 5, 6, 7 and 8, Defendant is without sufficient information to form a belief as to the truthfulness of said allegations and therefore denies the same.

5. As to paragraph 9, Defendant admits that it is a corporation organized under the laws of Guam but is without sufficient information to form a belief as to the truthfulness of the remaining allegations and therefore denies the same.

6. As to paragraph 10, Defendant admits said allegations.

1

7. As to paragraphs 11, 12 and 13, Defendant is without sufficient information to form a belief as to the truthfulness of said allegations and therefore denies the same.

8. As to paragraph 14, Defendant can neither admit nor deny the legal conclusion set forth in paragraph 14 and therefore denies the same.

9. As to paragraphs 15, 16 and 17, Defendant is without sufficient information to form a belief as to the truthfulness of said allegations and therefore denies the same.

10. As to paragraph 18, Defendant incorporates its answers to paragraphs 1 through 17 of the First Amended Complaint as if fully set forth herein.

11. As to paragraph 19, Defendant denies said allegations as to Defendant but is without sufficient information to form a belief as to the truthfulness of the allegations regarding Coloma, Phoenix, and Winzler & Kelly and therefore denies the same.

12. As to paragraph 20, Defendant can neither admit nor deny the legal conclusion set forth in paragraph 20 and therefore denies the same.

13. As to paragraph 21, Defendant denies said allegations as to Defendant but is without sufficient information to form a belief as to the truthfulness of the allegations regarding Coloma, Phoenix, and Winzler & Kelly and therefore denies the same.

14. As to all other paragraphs and allegations not herein specifically admitted, Anthony Robins herein generally and specifically denies said allegations.

## **AFFIRMATIVE DEFENSES**

15. Plaintiff fails to state a claim upon which relief can be granted.

16. Plaintiff's claims are barred by the doctrine of laches.

17. Plaintiff's claims are barred by the doctrine of estoppel.

18. Plaintiff's claims are barred by the doctrine of waiver.

19. Plaintiff's claims are barred by the doctrine of assumption of risk.

20. Defendant's acts and conduct were not a substantial factor or proximate cause of the damages or losses alleged in Plaintiff's First Amended Complaint.

21. Plaintiff is barred from maintaining this action against Defendant, or in the alternative, Plaintiff's recovery should be reduced, by reason of his own acts or omissions that caused and/or contributed to the damage and/or injuries, if any, alleged in the First Amended Complaint.

22. Plaintiff's damages, if any, were proximately caused, in whole or in part, by the negligence, comparative fault, responsibility, or other act or omission of Defendants Manhattan, Coloma, Phoenix, and Winzler & Kelly and their agents, directors, employees, officers and representatives.

23. Anthony Robins reserves the right to assert other affirmative defenses as may appear and discovery proceeds.

WHEREFORE, Defendant ARA prays that Plaintiff Manhattan take nothing by its Complaint.

Dated this 18th day of October, 2005.

BAYS DEAVER LUNG ROSE BABA
Attorneys at Law

CALVO & CLARK, LLP
Attorneys at Law

By: _____
MICHAEL A. PANGELINAN
Attorneys for Defendant/Cross-Defendant/
Cross-Claimant, Anthony Robins and
Associates