RANDALL TODD THOMPSON
MAIR, MAIR, SPADE & THOMPSON
238 A.F.C. Flores Street
Suite 801, Pacific News Building
Hagåtña, Guam 96910
Telephone: (671) 472-2089
Telefax: (671) 477-5206

**FILED**
DISTRICT COURT OF GUAM

MAR 3 1 2006

MARY L.M. MORAN
CLERK OF COURT

ROBERT J. O'CONNOR
O'CONNOR BERMAN DOTTS & BANES
2nd Floor, Nauru Building, Susupe
P.O. Box 501969,
Saipan, MP 96950-1969
Telephone: (670) 234-5684
Telefax: (670) 234-5683

Attorneys for Winzler & Kelly Consulting Engineers

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| HUN SANG LEE, | CIVIL CASE NO.: CIV04-00027 |
| Plaintiff, | |
| v. | AFFIDAVIT OF JOSEPH E. HOREY IN SUPPORT OF DEFENDANT/THIRD-PARTY PLAINTIFF WINZLER & KELLY CONSULTING ENGINEERS' MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF SERVICE |
| MANHATTAN GUAM, INC. dba ROYAL ORCHID HOTEL, ANTHONY ROBINS AND ASSOCIATES, O.A. COLOMA, P.C., PHOENIX UNITED CORP., LTD., WINZLER & KELLY CONSULTING ENGINEERS, and DOE DEFENDANTS One through Ten, | |
| Defendants. | |
| MANHATTAN GUAM, INC. dba ROYAL ORCHID HOTEL, | |
| Cross-Claimant, | |
| v. | |
| ANTHONY ROBINS AND ASSOCIATES, O.A. COLOMA, P.C., PHOENIX UNITED CORP., LTD., WINZLER & KELLY CONSULTING ENGINEERS, | |
| Cross-Defendants. | |
| WINZLER & KELLY CONSULTING ENGINEERS, | |
| Third-Party Plaintiff, | |

## ORIGINAL

| | |
|---|---|
| 1 | v. )|
| 2 | )|
| 3 | VSL PRESTRESSING (GUAM), INC. )|
| 4 | )|
| 5 | Third-Party Defendant. )|
| 6 | _____ )|
| 7 | ANTHONY ROBINS AND ASSOCIATES, )|
| 8 | Cross-Claimant, )|
| 9 | )|

1  v.                                          )
2                                              )
3  VSL PRESTRESSING (GUAM), INC.               )
4                                              )
5       Third-Party Defendant.                 )
6  _____         )
7  ANTHONY ROBINS AND ASSOCIATES,              )
8                                              )
9       Cross-Claimant,                        )
10                                             )
11      v.                                     )
12                                             )
13 MANHATTAN GUAM, INC. dba ROYAL              )
   ORCHID HOTEL,                               )
14                                             )
15      Cross-Defendant.                       )
16 _____         )

I, Joseph E. Horey, hereby declare under penalty of perjury as follows:

1.  I am a member of the law firm of O'Connor Berman Dotts & Banes, counsel for Defendant Winzler & Kelly Consulting Engineers.  I make this declaration based upon review of documents and records maintained by this firm in connection with this matter.

2.  Attached hereto is a true and correct copy of Manhattan Guam, Inc.'s responses to Winzler & Kelly's First Set of Interrogatories in this matter.

3.  Also attached hereto are true and correct copies of the following pages of transcripts of depositions taken in this matter: Deposition of David Su, pages 83, 85 and 92; Deposition of Ronald Su, pages 30, 31, 66, 142, and 159.

4. Also attached hereto are true and correct copies of the following exhibits that have been introduced at depositions in this matter:  Exhibit 31 (letter from David Su to Anthony

Robins), Exhibit 32 (Letter from Neil Paynter to Ronald Su), Exhibit 33 (letter of Neil Paynter to Ronald Su), and Exhibit 37 (letter from Anthony Robins to Robert Delos Reyes).

I declare upon penalty of perjury under the laws of the CNMI and the United States that the foregoing declaration is true and correct to the best of my knowledge and belief, and that if called upon to testify, I could and would testify competently and in accordance herewith.

Executed at Saipan, CNMI, this 24th day of March, 2006.

JOSEPH E. HOREY

On this 24th day of March, 2006, before me, the undersigned Notary Public in and for the Commonwealth of the Northern Mariana Islands, personally appeared **Joseph E. Horey**, known to me to be the same person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed for the uses and purposes therein set forth.

**IN WITNESS WHEREOF**, I have hereunto set my hand and affixed my Official Seal the day and year above written.

_____
Notary Public

**CERTIFICATE OF SERVICE**

I, **SANDRA E. CRUZ**, hereby certify that I have caused a copy of the **AFFIDAVIT OF JOSEPH E. HOREY IN SUPPORT OF DEFENDANT/THIRD-PARTY PLAINTIFF WINZLER & KELLY CONSULTING ENGINEERS' MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF SERVICE**, to be served upon the following offices as set forth below:

On March 21, 2006, to:

Patrick F. McTernan, Esq.
Cronin, Fried, Sekiya, Kekina & Fairbanks
841 Bishop Street, Suite 600
Honolulu, Hawaii 96813-3962
Telefax: (808) 536-2073

      (by fax)

Jason S. Kim, Esq.
Law Offices of Jason S. Kim
Suite 303, Young's Professional Building
788 N. Marine Drive
Upper Tumon, Guam 96913

      (by personal delivery)

*Attorneys for Plaintiff Hun Sang Lee*

G. Patrick Civille, Esq.
Civille & Tang, PLLC
330 Herman Cortez Avenue, Suite 200
Hagåtña, Guam 96910

      (by personal delivery)

*Attorneys for Defendant, Cross-Claimant and Cross-Defendant
Manhattan Guam, Inc. dba Royal Orchid Hotel*

Michael A. Pangelinan, Esq.
Jennifer Calvo-Quitugua, Esq.
Calvo & Clark, LLP
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913

      (by personal delivery)

Michael C. Carrolle, Esq.
Harvey J. Lung, Esq.
Bays, Deaver, Lung, Rose & Baba
1099 Alakea St. 16th Floor
Honolulu, Hawaii 96813
Fax No. (808) 533-4184

(by fax)

*Attorneys for Defendant, Cross-Defendant and Cross-Claimant*
*Anthony Robins and Associates*

Oscar A. Coloma
O.A. Coloma, P.C.
Suite 35, Paraoceana Business Center
674 Harnon Loop Road
Dededo, Guam 96929

*Pro se*

(by first class US Mail)

Dated this _____ day of March, 2006.

SANDRA E. CRUZ

**CIVILLE & TANG, PLLC**
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868
FACSIMILE: (671) 477-2511

*Attorneys for Defendant*
*Manhattan Guam, Inc. dba Royal Orchid Hotel*

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| HUN SANG LEE, ) | CIVIL CASE NO. CIV-04-00027 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MANHATTAN GUAM, INC. dba ROYAL ) | |
| ORCHID HOTEL, ANTHONY ROBINS ) | |
| AND ASSOCIATES, O.A. COLOMA, P.C., ) | |
| PHOENIX UNITED CORP., LTD., ) | |
| WINZLER & KELLY CONSULTING ) | |
| ENGINEERS, AND DOE DEFENDANTS ) | |
| ONE THROUGH TEN, ) | |
| ) | **MANHATTAN GUAM, INC.'S** |
| Defendants. ) | **RESPONSE TO DEFENDANT/THIRD-** |
| _____ ) | **PARTY PLAINTIFF WINZLER &** |
| ) | **KELLY CONSULTING ENGINEERS'** |
| WINZLER & KELLY CONSULTING ) | **FIRST SET OF INTERROGATORIES** |
| ENGINEERS, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| VSL PRESTRESSING (GUAM), INC. ) | |
| ) | |
| Third-Party Defendant. ) | |
| ) | |
| _____ ) | |

Defendant, Manhattan Guam, Inc. dba Royal Orchid Hotel ("Manhattan"), through counsel,

CIVILLE & TANG, PLLC, by G. Patrick Civille, Esq. hereby submits its response to

Defendant/Third-Party Plaintiff Winzler & Kelly Consulting Engineers' First Set of Interrogatories.

Respectfully submitted this 20th day of May, 2005.

CIVILLE & TANG, PLLC

By  G. PATRICK CIVILLE
*Attorneys for Defendant Manhattan Guam,
Inc. dba Royal Orchid Hotel*

2

## GENERAL OBJECTIONS

1.   Each of the following responses is made based on information available to Manhattan Guam, Inc. dba Royal Orchid Hotel ("Manhattan Guam"), after diligent inquiry, as of the time these responses are prepared.  Discovery and Manhattan Guam's investigation into this case are continuing and will continue.  Manhattan Guam therefore specifically reserves the right, at any future time, to introduce any evidence from any source that may be discovered after these responses are served.  Manhattan Guam also reserves the right to supplement these responses as they deem necessary.

2.   Manhattan Guam objects to the interrogatories to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges.  Manhattan Guam further objects to the interrogatories to the extent that they seek information protected from discovery by federal, territorial, or applicable international law. Any production, inadvertent or otherwise, of any information protected by any privilege or protection shall not be deemed a waiver of that privilege or protection, and shall not prejudice the Manhattan Guam's right to object to any subsequent use of such information.

3.   Manhattan Guam objects to the interrogatories to the extent that it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Manhattan Guam further objects to the entire set of interrogatories to the extent that it seeks to impose obligations beyond those required by the Guam Rules of Civil Procedure and other applicable statutes, rules, and authorities.

4.   Manhattan Guam objects to the interrogatories on the ground that such interrogatories are too vague and overbroad to permit precise identification of persons who may have knowledge

3

of the facts supporting the responses in these interrogatories. Accordingly, Manhattan has identified persons who may have knowledge of certain of the facts supporting these responses.

5.    Manhattan Guam objects to the interrogatories on the ground that such interrogatories are too vague and overbroad to permit precise identification of all bases, facts and documents supporting the responses in these interrogatories. Accordingly, Manhattan Guam has identified the bases, facts and documents supporting these responses.

## ANSWERS TO INTERROGATORIES

### Interrogatory No. 1.

With regard to the swimming pool (hereinafter "The Royal Orchid Hotel Swimming Pool") as described in the first amended complaint in this action, please identify:

a.    The contractor that built The Royal Orchid Hotel Swimming Pool.

b.    The person or persons who designed The Royal Orchid Hotel Swimming Pool.

c.    The person or persons who reviewed, approved or inspected The Royal Orchid Hotel Swimming Pool's design.

d.    The person or persons who supervised The Royal Orchid Hotel Swimming Pool's construction.

e.    The person or persons who inspected The Royal Orchid Hotel Swimming Pool during its construction.

f.    The person or persons who inspected The Royal Orchid Hotel Swimming Pool after it was constructed.

**Answer:**

4

a.    Phoenix United.

b.    Oscar Coloma and Anthony Robbins.

c.    Anthony Robbins

d.    Winzler & Kelly, Richard Chien.

e.    Winzler & Kelly, Richard Chien.

f.    Winzler & Kelly, Richard Chien.

## Interrogatory No. 2.

Did Winzler & Kelly Consulting Engineers -

a.    Design The Royal Orchid Hotel Swimming Pool?

b.    Supervise the construction of The Royal Orchid Hotel Swimming Pool?

c.    Review or approve the design of The Royal Orchid Hotel Swimming Pool?

d.    Supervise the construction of The Royal Orchid Hotel Swimming Pool?

e.    Inspect the construction of The Royal Orchid Hotel Swimming Pool either

    i.    during construction, or

    ii.   after construction was completed?

## Answer:

a.    In part. The architects, Oscar Coloma and Anthony Robbins designed the
pool in terms of shape and appearance. Winzler & Kelly used the design by
Coloma and Robbins to prepare the structural drawings of the pool.

b.    Yes.

c.    Yes.

d.    Yes.

5

e.     Yes (both parts)

**Interrogatory No. 3.**

Who has possession, custody or control of the shop drawings showing The Royal Orchid Hotel Swimming Pool?

**Answer:**

Manhattan Guam does not have any shop drawings. Normally, shop drawings are prepared and kept by the contractor, but Manhattan Guam does not know whether Phoenix United has possession of such drawings.

**Interrogatory No. 4.**

Who designed the protruding steps in The Royal Orchid Hotel Swimming Pool?

**Answer:**

Manhattan Guam objects to the term "protruding steps" and does not by this answer admit that the steps were "protruding", whatever that term means as used in the question. The stairs in the pool were designed by Oscar Coloma and Anthony Robbins.

**Interrogatory No. 5.**

Who designed how The Royal Orchid Hotel Swimming Pool steps were to be painted?

**Answer:**

Oscar Coloma and Anthony Robbins.

**Interrogatory No. 6.**

When were the numbers on the sides of The Royal Orchid Hotel Swimming Pool,

6

showing the pool's depth, installed?

**Answer:**

At the time of construction.

**Interrogatory No. 7.**

Describe any and all signs or warnings to swimmers or divers at or near The Royal Orchid Hotel Swimming Pool on the date of the injury to the Plaintiff described in the first amended complaint.

**Answer**

Signs around the pool included a "No diving" sign with a diving figure with a red slash across the figure, depth of pool indicators on several sides of the pool, and a "No life guard on duty" and a list of pool regulations sign.

**Interrogatory No. 8.**

Describe in detail all that Richard Chien did on your behalf with regard to The Royal Orchid Hotel Swimming Pool on the date of the injury to the Plaintiff described in the first amended complaint.

**Answer:**

Richard Chien did not do anything regarding the swimming pool on the date of plaintiff's injury.

**Interrogatory No. 9.**

Describe in detail all that Robert De Los Reyes did on your behalf with regard to The Royal Orchid Hotel Swimming Pool.

**Answer:**

Mr. De Los Reyes was the Manhattan Guam's project manager. He did not have any

7

specific responsibilities regarding the swimming pool. His job was to be present at the work site on behalf of Manhattan Guam. Mr. De Los Reyes had several duties. He was responsible for monitoring the purchase and delivery of construction materials, and he performed spot inspections of work to help insure that the contractor was complying with the drawings for the project. If the contractor did not follow the drawing, Mr. De Los Reyes would bring such failure to the contractor's attention for rectification.

8

## VERIFICATION

GUAM, U.S.A.      )
                      ) ss:
CITY OF HAGÅTÑA    )

I, Ronald Su, hereby declare that I am an authorized representative of Manhattan Guam, Inc. dba Royal Orchid Hotel, Defendant in the above-entitled action and that I have read the foregoing Response to Interrogatories and they are true of my own knowledge except as to those matters alleged upon information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing declaration is true and correct.

Dated this 20th day of May, 2005.

_____
RONALD SU

**CIVILLE & TANG, PLLC**
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868
FACSIMILE: (671) 477-2511

*Attorneys for Defendant*
*Manhattan Guam, Inc. dba Royal Orchid Hotel*

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| HUN SANG LEE, ) | CIVIL CASE NO. CIV-04-00027 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MANHATTAN GUAM, INC. dba ROYAL ) | |
| ORCHID HOTEL, ANTHONY ROBINS ) | |
| AND ASSOCIATES, O.A. COLOMA, P.C., ) | |
| PHOENIX UNITED CORP., LTD., ) | |
| WINZLER & KELLY CONSULTING ) | |
| ENGINEERS, AND DOE DEFENDANTS ) | |
| ONE THROUGH TEN, ) | |
| ) | **MANHATTAN GUAM, INC.'S** |
| Defendants. ) | **RESPONSE TO DEFENDANT/THIRD-** |
| ) | **PARTY PLAINTIFF WINZLER &** |
| ) | **KELLY CONSULTING ENGINEERS'** |
| WINZLER & KELLY CONSULTING ) | **FIRST SET OF DOCUMENT** |
| ENGINEERS, ) | **REQUESTS** |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| VSL PRESTRESSING (GUAM), INC. ) | |
| ) | |
| Third-Party Defendant. ) | |
| ) | |

MAIR, MAIR, SPADE
& THOMPSON

DATE \ 10 pS
TIME \ 13 : c)
REC'D

Defendant, Manhattan Guam, Inc. dba Royal Orchid Hotel ("Manhattan"), through counsel,

CIVILLE & TANG, PLLC, by G. Patrick Civille, Esq. hereby submits its response to

Defendant/Third-Party Plaintiff Winzler & Kelly Consulting Engineers' First Set of Document

Requests.

Respectfully submitted this 20th day of May, 2005.

CIVILLE & TANG, PLLC

By      G. PATRICK CIVILLE
*Attorneys for Defendant Manhattan Guam, Inc.*
*dba Royal Orchid Hotel*

2

## GENERAL OBJECTIONS

1.      Each of the following responses is made based on information available to Defendant, after diligent inquiry, as of the time these responses are prepared. Discovery and Defendant's investigation into this case are continuing and will continue. Defendant therefore specifically reserve the right, at any future time, to introduce any evidence, from any source, that may be discovered after these responses are served. Defendant also reserves the right to supplement these responses as it deems necessary.

2.      Defendant objects to the Requests in their entirety to the extent that they call for documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

3.      Defendant objects to the Requests in their entirety to the extent that they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure and other applicable statutes, rules and authorities.

4.      Defendant objects to the Requests in their entirety to the extent that they seek information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges. Defendant further objects to the Requests to the extent that they seek information protected from discovery by federal, territorial, or applicable national or international law. Any production, inadvertent or otherwise, of any information protected by any privilege or protection shall not be deemed a waiver of that privilege or protection, and shall not prejudice Defendant's right to object to any subsequent use of such information.

5.      Defendant objects to the Requests in their entirety to the extent that they call for the production of documents not within the possession, custody, or control of Defendant.

3

**Response:** The only drawings responsive to this request in Manhattan Guam, Inc.'s possession are produced herewith.

**Request No. 2.:** Any and all correspondence to or from you with regard to the design, construction or inspection of the Royal Orchid Hotel Swimming Pool.

**Response:** Manhattan Guam, Inc. does not have any documents responsive to this

6. Defendant objects to the Requests in their entirety to the extent that they seek confidential information.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

7. Defendant objects to Definition of "Documents" as overbroad in that it purports to call for the identification and production of documents not within the possession, custody or control Defendant.

8. Defendant objects to Definition of "relating to" and "relates" as overbroad, vague and ambiguous.

9. Defendant objects to Definition "pertaining to" as overbroad, vague and ambiguous.

10. Defendant objects to the Instructions to the extent that they impose obligations beyond those required by the Federal Rules of Civil Procedure and other applicable statutes, rules and authorities.

## RESPONSES AND OBJECTIONS TO REQUESTS

The General Objections and Objections to Definitions and Instructions shall apply to each and every response given herein, and shall be incorporated by this reference as though fully set forth in each and every one of the following responses. Without waiving these objections and reserving the right to reassert them in the event of a motion or at trial, Defendant hereby responds to the Requests as follows:

## ANSWERS TO REQUEST FOR PRODUCTION OF DOCUMENTS

**Request No. 1.:** Any and all shop drawings, sketches or plans depicting the Royal Orchid Hotel Swimming Pool.

4

6. Defendant objects to the Requests in their entirety to the extent that they seek confidential information.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

7. Defendant objects to Definition of "Documents" as overbroad in that it purports to call for the identification and production of documents not within the possession, custody or control Defendant.

8. Defendant objects to Definition of "relating to" and "relates" as overbroad, vague and ambiguous.

9. Defendant objects to Definition "pertaining to" as overbroad, vague and ambiguous.

10. Defendant objects to the Instructions to the extent that they impose obligations beyond those required by the Federal Rules of Civil Procedure and other applicable statutes, rules and authorities.

## RESPONSES AND OBJECTIONS TO REQUESTS

The General Objections and Objections to Definitions and Instructions shall apply to each and every response given herein, and shall be incorporated by this reference as though fully set forth in each and every one of the following responses. Without waiving these objections and reserving the right to reassert them in the event of a motion or at trial, Defendant hereby responds to the Requests as follows:

## ANSWERS TO REQUEST FOR PRODUCTION OF DOCUMENTS

**Request No. 1.:** Any and all shop drawings, sketches or plans depicting the Royal Orchid Hotel Swimming Pool.

4

**Response:** The only drawings responsive to this request in Manhattan Guam, Inc.'s possession are produced herewith.

**Request No. 2.:** Any and all correspondence to or from you with regard to the design, construction or inspection of the Royal Orchid Hotel Swimming Pool.

**Response:** Manhattan Guam, Inc. does not have any documents responsive to this request. Virtually all of Manhattan Guam, Inc's records relating to the construction of the Hotel were stored in an office on the 8th floor of the Hotel. The 8th floor suffered extensive damage during Typhoon Pongsonga and the windows and walls of the office where the records were stored were blown out. As a result the records stored in that office were all destroyed.

**Request No. 3.:** Any and all contracts, agreements, purchase orders or memoranda of understanding you have with any person concerning the design, construction or inspection of the Royal Orchid Hotel Swimming Pool.

**Response.** Manhattan Guam, Inc. does not have any documents responsive to this request. Virtually all of Manhattan Guam, Inc's records relating to the construction of the Hotel were stored in an office on the 8th floor of the Hotel. The 8th floor suffered extensive damage during Typhoon Pongsonga and the windows and walls of the office where the records were stored were blown out. As a result the records stored in that office were all destroyed.

Respectfully submitted this 20th day of May, 2005.

CIVILLE & TANG, PLLC

By **G. PATRICK CIVILLE**
*Attorneys for Defendant Manhattan Guam, Inc.*
*dba Royal Orchid Hotel*

5

# Deposition

# of

# David Su

1      A.   Yes.

2      Q.   And they were signed and sealed by Oscar Coloma?

3      A.   That's supposed to.

4      Q.   Supposed to?

5      A.   Yes.

6      Q.   Okay, and to your best recollection, did he stamp

7    them and sign them?

8      A.   Both of them; yeah, all of them.

9      Q.   Okay.  Now you testified earlier that it was your

10   understanding that Winzler & Kelly was hired to review all

11   drawings.  By that, I assume you meant Winzler & Kelly was

12   hired to review drawings in order -- so that it could then

13   make structural designs from those drawings; is that what you

14   meant?

15     A.   Uh, I will agree, yes.

16     Q.   Okay.

17              COURT REPORTER:  I'm sorry?

18              THE WITNESS:  Yes.

19   BY MR. O'CONNOR:  (Continuing)

20     Q.   Winzler & Kelly is not the Department of Public

21   Works; right?

22     A.   I don't know.

23     Q.   So you weren't hiring Winzler & Kelly to approve

24   drawings like the Department of Public Works would?

25     A.   Yes.

DAVID SU: NOVEMBER 29, 2005

1      A.   Yes.

2      Q.   And I assume the pool was painted shortly after the

3  stairs were finished?

4           MR. McTERNAN:  Objection to the form of the

5  question regarding counsel's assumptions.

6           MR. CIVILLE: I join in.

7      A.  I -- for sure I don't know what you mean by shortly,

8  and I know some stuff, after they construct it, they don't

9  paint it; usually they do a finishing when everything is

10  done.

11 BY MR. O'CONNOR:  (Continuing)

12     Q.   So after you do concrete work, you usually don't

13 paint for about a month or so, so that the concrete can

14 sweat; right?

15     A.   Well, that's what I'm telling you, I don't know

16 about that.  But, for example, the building, when the

17 structure was done a year before that, but it's not painted

18 until the scaffold is all taken out.

19     Q.   So what's your best your estimate of the date upon

20 which the stairs in the pool were completed?

21     A.   The first half of 2000.

22     Q.   So within one or two months after the stairs were

23 completed they were painted?

24           MR. McTERNAN:  Objection; lack of foundation.

25     A.   I cannot pinpoint which month the stairs was --

DAVID SU: NOVEMBER 29, 2005

1        Q.   Okay.  And by steps, I mean -- I guess we'd better

2    clarify when we're talking about the steps and stairs; right?

3    When I say steps or stairs, I'm talking about the steps or

4    the stairs that the plaintiff alleged he banged his head

5    into.  That'll be our understanding during this deposition;

6    okay?

7        A.   Mm-hmm.

8        Q.   Understood?

9        A.   Understood.

10       Q.   So Winzler & Kelly then was hired to make sure that

11   the structural components of this project worked?

12       A.   Right.

13       Q.   And that it had structural integrity and wouldn't

14   fall apart?

15       A.   Right.

16       Q.   And that's what you meant when you testified

17   earlier that your understanding was that Winzler & Kelly was

18   hired to make sure everything was up to Code?

19       A.   Yes.

20       Q.   Okay.  And by Code, you're referring to, I assume,

21   the Uniform Building Code?

22       A.   Yes.

23       Q.   Now you said Winzler & Kelly called meetings if

24   they find something and you gave two examples.  One was

25   dimensions of the columns, and the other was there were not

DAVID SU: NOVEMBER 29, 2005

# Deposition

# of

# Ronald Su

1    A.   Right.

2    Q.   And then after Oscar Coloma made the drawings,

3  Anthony Robins went back and checked them to make sure they

4  were consistent with the design that Anthony Robins created;

5  correct?

6    A.   Yes.

7    Q.   My question to you is, whether Winzler & Kelly's

8  inspections during the construction project were along

9  similar vein?  Winzler & Kelly created the structural

10 engineering designs and then their inspections were to make

11 sure that during the construction process, the workers were

12 actually building it according to their design?

13   A.   Correct.

14   Q.   Was Winzler & Kelly responsible for all the

15 structural engineering design for the expansion project?

16   A.   Yes.

17   Q.   And were the inspections to be in order to make sure

18 that the construction actually went according to those

19 designs?

20   A.   Yes.

21   Q.   And that's through the entirety of the design that

22 they did not for some isolated portion of that?

23   A.   Minimum structure part only.

24   Q.   I'm sorry?

25   A.   On the structure part of the hotel.

1    Q.   Right.

2    A.   Not interior part.   The Winzler & Kelly is not

3  involved in the interior.

4    Q.   When you say the interior part, what are you

5  referring to?

6    A.   The structure is relating to the concrete and not

7  relating to like say the partition of wall, putting up the

8  toilet, putting the flooring tiles, painting the wall, no,

9  they are not doing the inspection of that part but they do an

10  inspection on whatever is involved in pouring the concrete.

11    Q.   So if, for example, they had done structural designs

12  for the area where the pool was to be put in place, part of

13  their inspection function would be to make sure that when the

14  work was done, the pool was actually constructed according to

15  the structural designs that were created?

16    A.   Yes.

17    Q.   In some of the records in connection with Oscar

18  Coloma's name, I saw reference to a company called Chang Jo?

19    A.   Yes.

20    Q.   What is that?

21    A.   Chang Jo, that is same as Oscar Coloma's company.

22    Q.   Okay.   Is Chang Jo a Korean architectural and design

23  firm?

24    A.   I think so.

25    Q.   Was Oscar Coloma an employee of Chang Jo?

1    A.    To design the structure part of it the contract or

2 constructed, they do construction drawing.

3    Q.    Is it your understanding that Coloma and Robins

4 created these designs for the pool and then Winzler & Kelly

5 reviewed those designs in order to do their own structural

6 engineering analysis?

7    A.    Correct.

8    Q.    Okay.  Do you have personal knowledge of that?  In

9 other words, are you aware that they were given those designs

10 and reviewed them?

11    A.    Yes.

12    Q.    Okay.  Interrogatory 2C asks if Winzler & Kelly

13 reviewed or approved the design of the Royal Orchid Hotel

14 swimming pool and you said, yes; correct?

15    A.    Yes.

16    Q.    What design are you referring to when you say that

17 they reviewed and approved the design?

18    A.    The structural design.

19    Q.    And when you say structural design with reference to

20 the swimming pool, what are you referring to?

21    A.    How to support the swimming pool, steel, how much

22 steel, how much concrete, the thickness, this and that, but

23 not the shape.  The shape is done by the archie, architect.

24    Q.    Do you know whether the plans that's Winzler & Kelly

25 reviewed in order to do their own structural analysis

1   and columns and that sort of stuff.

2           So when you said that Winzler & Kelly had to make

3   sure that the pool was constructed according to structural

4   designs, this is the design you had in mind?

5       A.   I'm sorry?

6       Q.   You testified earlier that Winzler & Kelly's job was

7   to make sure the pool was constructed according to the

8   structural designs that were created; is this the design that

9   you had in mind when you made that statement?

10      A.   Yes.

11      Q.   Can you give me a rough approximation -- Well, let's

12  put it this way, you had the grand opening in July of 2000,

13  right?

14      A.   Yes.

15      Q.   How much before that was the construction actually

16  complete?  Was it just a week before, was it many months

17  before, you had some run-through with tourists, or how did

18  that work out?

19      A.   You know, I cannot give you a definite answer on

20  that because the project was finished by floors.

21      Q.   The last thing to be done was the top floor, I

22  guess?

23      A.   Yes.

24      Q.   And the swimming pool is on the 6th floor?

25      A.   Yes.

1   never something I would think about.

2       Q.   Well it's an important power if there's something

3   wrong.

4              MR. MCTERNAN:  Objection; argumentative.

5   BY MR. O'CONNOR: (CONTINUING)

6       Q.    Did Winzler & Kelly have the power to stop work?

7              MR. MCTERNAN:  Objection; lack of foundation

8   based on the witness's previous answers.

9       A.    You know what, again, this is not something that we

10  ever thought about it.  If you want, I guess you could

11  because if it's anything related to the part, then if there's

12  something wrong, then you have to stop it, you have to top

13  it.

14  BY MR. O'CONNOR: (CONTINUING)

15      Q.    Do you recall giving any of these people, Winzler &

16  Kelly, Anthony Robins, Mr. Coloma, Robert Delos Reyes, power

17  to stop work?

18      A.    You know what, this is not ever -- I don't think we

19  ever talked about this question so I can't give you the

20  answer.

21      Q.    But you don't recall giving any of those parties the

22  power to stop work?

23      A.    No.

24      Q.    Whose job was it to decide what sort of signs to put

25  around the pool, like "Do Not Dive" or how deep the water?

# Exhibit 31

**(Letter from David Su to Anthony Robins)**

# MANHATTAN GUAM

626 Pale San Vitores Road, Tumon Guam 96911
Tel: (671) 646-3052, Fax: (671) 646-3057, Email: davidsu@manhattanguam.com

July 10, 1999

Anthony Robins
Anthony Robins & Associates, P.C.
Tel: (671) 646-5145
Fax: (671) 646-5143

RE:    outstanding design

Pages sent including cover page:____1___ page(s).

Mr. Robins,

I am extremely disappointed and frustrated with your company.  As of today, we still
don't have detail drawings of the following :

1.  pool design,
2.  pool edge design details
3.  pool stairs,
4.  hot tub interiors seating design
5.  exterior signage
6.  hotel directional signage
7.  elevator cab signage
8.  back entrance

as I recall, we had a comprehensive contract,  but these above items were not provided as
of today.

best regards,

David Su

01003427

# Exhibit 32

## (Letter from Neil Paynter to Ronal Su)

# ANTHONY ROBINS & ASSOCIATES, P.C.
### architecture + design

# TELEFAX

| To: A: | Ronald Su | From: | | Total Number of Pages: |
|---|---|---|---|---|
| | | De: **Neil Paynter** | | **4** |
| Company: Sociète: | **Manhattan Guam** | Date: **November 18, 1999** | | |
| Fax Number: | **649 3065** | Number: | | Ref. Number: |
| Re: | **Swimming Pool** | Project Name: **Royal Orchid Hotel** | | Project Number: **98019** |

Dear Ronald,

Further to your fax concerning the swimming pool we have gathered the following information but urge you to consult with a specialist pool designer:

- Under UBC 94 there are no requirements to provide a barrier around a pool in a hotel. (UBC, 94 & 97 Appendix Chapter 4, 419)
- Normally a pool contractor is familiar with the requirements for ladders and access. If Ladders are usually of the type indicated in the attachment.
- Steps must be ADA compliant. Provide handrails both side, and extend handrail 12 inches above the top and bottom riser in the direction of travel. Stair treads must have nonslip non abrasive surface.
- The depth of the pool should be clearly designated near the pool edge.

It is our recommendation but not mandatory that the pool and spa have a transfer tier. The requirements for a transfer tier are given in the accompanying attachment.

Please let me know if I can provide you with any additional information.

Best regards,

*[signature]*

Neil Paynter R.I.B.A.

01003430

THE ACANTA CENTER, SUITE A200, 962 PALE SAN VITORES ROAD, TUMON, GUAM 96911 USA
TEL: (671) 646 5345   FAX: (671) 646 5143
NEW YORK / GUAM / SAIPAN

Case 1:04-cv-00027     Document 106-2     Filed 03/31/2006     Page 14 of 23

# Swimming Pool Accessibl

## INTRODUCTION

Swimming is excellent recreation and exercise for older people and people with restricted mobility because the body's natural buoyancy in water allows more freedom of movement than other forms of exercise; however, exiting and entering the pool is often a major obstacle. A variety of equipment is available to improve access to pools.

## GENERAL REQUIREMENTS

Provide at least one form of accessible entry for every public pool. An accessible route should connect the room entrance to the pool. Surrounding paving should have a slip-resistant, nonabrasive finish. Highlight the edge of the pool with a contrasting color or different paving. Clearly display depth markings.

## LIFTS

Lifts to assist people in wheelchairs can be permanently mounted or portable. Manual, hydraulic, pneumatic, or electric lifts are available.

With a manual lift, a wheelchair user slides the sling below his or her body, the pool staff turns the ratchet handle to raise the person clear of the wheelchair, the lift is rotated over the pool, and the person is lowered into the water.

Electric or pneumatic lifts can be operated independently.

## TRANSFER TIER

Tiered platforms also allow a person to independently enter a swimming pool or whirlpool. The platform is positioned in front of the pool steps; users transfer from a wheelchair to the top step and lower themselves, step-by-step, into the pool. Pool steps should have a second low rail at a height of 6 to 12 in; provide a clear area 5 ft square at the top of the steps for the wheelchair and platform. A second type of platform has two tiers of steps and can be positioned anywhere in the pool.

## RAMPS

Use ramps in the shallow end of the pool if space is available. Ramps can be custom built and adapted to a particular situation or be prefabricated, removable units. Provide special wheelchairs that may be fully submerged in water. Ramps and handrails must comply with ADA standards:

Ramp slope—not to exceed 1:12

Handrails—must be provided on both sides

Ramp surface—should be nonslip and nonabrasive

Ramp width—36 in. minimum.

## STEPS

Steps may be provided for pool access. Steps must have handrails on both sides. Handrails, handrail extensions, and stair treads and risers must meet ADA standards. Treads should have a nonslip and nonabrasive finish.

## MOVABLE POOL FLOORS

Movable pool floors are hydraulically raised and lowered to the level of the surrounding deck so that wheelchair users can enter and exit with ease. The movable area may be a portion of the pool floor or the entire floor. See manufacturer information for design requirements.

## RAISED POOL-EDGE COPING

Raised pool-edge copings with grab bars are acceptable means of providing access.



SECTION

PLAN

LIFTS



TRANSFER TIER





POOL ACCESS RAMP

01003431

# Pool Ladders, Platforms, End Wall Targets, and Windows



SINGLE POST, STAINLESS STEEL
MONOLITHIC, MOLDED FIBERGLASS
FOUR-POST, STAINLESS STEEL

STARTING PLATFORMS

BUILT-IN STEPS WITH GRAB RAILS

POOL LADDER

SECTIONS SHOWING BULKHEAD IN VARIOUS STORAGE POSITIONS

BULKHEADS

USS          NFHS          FINA          NCAA

NOTE: COLOR OF END WALL TARGETS SHOULD BE DARK AND CONTRASTING TO THE GENERAL COLOR OF THE POOL (BLACK PREFERABLE)

END WALL TARGETS

01003432

**4.10 Elevators**



**(a)**
**Plan**

**(b)**
**Elevation of Center Handrail**

**(c)**
**Extension at Bottom of Run**

**(d)**
**Extension at Top of Run**

NOTE
X is the 12 in minimum handrail extension required
at each top riser.
Y is the minimum handrail extension of 12 in plus the
width of one tread that is required at each bottom riser.

**Fig. 19**
**Stair Handrails**

01003433

# Exhibit 33

## (Letter of Neil Paynter to Ronald Su)

# ANTHONY ROBINS & ASSOCIATES, P.C.
architecture + design

# TELEFAX

| To: | | From: | | Total Number of Pages: |
|---|---|---|---|---|
| A: **Ronald Su** | | De: **Neil Paynter** | | **3** |
| Company: | | Date: | | |
| Society: **Manhattan Guam** | | **November 26, 1999** | | |
| Fax Number: | | Number: | | Ref. Number: |
| **649 3065** | | | | |
| Re: | | Project Name: | | Project Number: |
| **Swimming Pool** | | **Royal Orchid Hotel** | | **98019** |

Dear Ronald,

Further to your request please find attached details for the pool handrail and ladder rails.

- Under UBC 94 there are no requirements to provide a barrier around a pool in a hotel. (UBC, 94 & 97 Appendix Chapter 4, 419)
- Steps must be ADA compliant. Provide handrails both side, and extend handrail 12 inches above the top and bottom riser in the direction of travel. Stair treads must have nonslip non abrasive surface.
- The depth of the pool should be clearly designated near the pool edge.

Please let me know if I can provide you with any additional information.

Best regards.

*[signature]*

Neil Paynter R.I.B.A.

*P5 33*

01003435

THE ACANTA CENTER, SUITE A200, 962 PALE SAN VITORES ROAD, TUMON, GUAM 96911 USA
TEL: (671) 646 5145   FAX: (671) 646 5143
NEW YORK / GUAM / SAIPAN





1'-0"     1¾" ∅ Pipe Rail.     1'-0"

32"

32"

POOL DECK.

~~HANDRAIL @ POOL STEPS.~~

Pool.



1¾" ∅ Pipe Rail.
30' Between Adjacent Rail.

30"

32"

POOL DECK.

10"
10"
10"
10"
10"

ANTHONY ROBINS & ASSOCIATES, P.C.
architecture · design



~~ROYAL ORCHID~~
~~POOL STEP DETAILS~~
M.6:

01003437

11/26/99.

# Exhibit 37

**(Letter from Anthony Robins to Robert Delos Reyes)**

# ANTHONY ROBINS & ASSOCIATES, P.C.
### architecture + design

# TELEFAX

| | | |
|---|---|---|
| To: / A: **Robert de los Reyes** | From: / De: **Anthony Robins** | Total Number of Pages: **1** |
| Company: / Society: **Manhattan Guam** | Date: **30 November, 1998** | Ref. Number: |
| Fax Number: **646 3057** | Number: **11.30 / 08** | Project Number: |
| Re: **Pool Area** | Project Name: **Riveria** | **97018** |

Dear Robert,

## Pool Area

Further to our discussions, we can not complete our work on the pool area at Level 6 until there is a clear direction on the final solution for the as-built condition. We are eager to complete our work in this area so I suggest we have a meeting with all relevant parties so a decision can be taken.

Please advise a time when is convenient.

Many thanks

Best regards,

Anthony Robins, AIA

*Pg 31*

**01003424**

THE ACANTA CENTER, SUITE A200, 962 PALE SAN VITORES ROAD, TUMON, GUAM 96911 USA
TEL: (671) 646 5145   FAX: (671) 646 5143
NEW YORK / GUAM / SAIPAN