## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF GUAM

HUN SANG LEE,

V.

MANHATTAN GUAM, INC. dba ROYAL
ORCHID HOTEL, et al.,

SUBPOENA IN A CIVIL CASE

Case Number:[1] 04-00027

**FILED**
DISTRICT COURT OF GUAM
APR 14 2006
MARY L.M. MORAN
CLERK OF COURT

TO: Custodian of Records
RIM Architects a/k/a HNC Architects

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see Exhibits A & B attached hereto.

| PLACE RIM Architects a/k/a HNC Architects<br>316 Hernan Cortes Avenue, Suite 300<br>Hagtana, Guam 96910 | DATE AND TIME<br>April 24, 2006 at 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorneys for Defendant/Crossdefendant | April 14, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jennifer Calvo-Quitugua, Calvo & Clark, LLP, 655 SOuth Marine Corps Drive, Suite 202
Tamuning, Guam 96913, Tel: (671)646-9355/Fax: (671)646-9403

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

ORIGINAL

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED TIMOTHY ARMOUR | 4/14/06 ~mp | RIM Architects a/k/a HNC Architects<br>316 Hernan Cortes Avenue, Suite 300<br>Hagatna, Guam 96910 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Custodian of Records<br>RIM Architects a/k/a HNC Architects | Hand Delivery |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Michael J. Perez | Special Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____4/14/06_____
　　　　　　　　　　DATE

_____
SIGNATURE OF SERVER

655 South Marine Corps Drive, Suite 202
ADDRESS OF SERVER

Tamuning, Guam 96913

# EXHIBIT "A"

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are applicable to this Request:

1.  Each of these definitions and instructions is hereby incorporated into each of the Interrogatories to which it pertains.

2.  The term "you" means and includes the Custodian of Record for RIM Architects a/k/a HNC Architects and its attorneys, agents representatives and others acting in its direction or on its behalf.

3.  "Winzler & Kelly" means and includes Defendant Winzler & Kelly Consulting Engineers and its attorneys, agents, representatives and others acting in its direction or on its behalf.

4.  "Robins" means and includes Defendant Anthony Robins and Associates and its attorneys, agents, representatives and others acting in its direction or on its behalf.

5.  "Manhattan Guam" means and includes Defendant Manhattan Guam, Inc. and its attorneys, agents, representatives and others acting in its direction or on its behalf.

6.  "Coloma" means and includes Defendant O.A. Coloma, P.C. and its attorneys, agents, representatives and others acting in its direction or on its behalf.

7.  "Phoenix United" means and includes Defendant Phoenix United Corp. Ltd. and its attorneys, agents, representatives and others acting in its direction or on its behalf.

8.  "Plaintiff" or "Lee" means and includes Plaintiff Hun Sang Lee and his attorneys, agents, representatives and others acting at his direction or on his behalf.

9.  The term "Lawsuit" means and includes the action entitled <u>Hun Sang Lee v. Manhattan Guam, Inc., et al</u>, Case Number CV04-00027 and pending in the United States

District Court, District of Guam.

10. The term "Complaint" means and includes the First Amended Complaint filed by Plaintiff on or about November 16, 2004 in the above-entitled action.

11. The term "Project" means and includes the design, development, permitting, and construction of the Royal Orchid Hotel in Tumon, Guam, also known as Su Center, Su Center Hotel located at 626 Pale San Vitores Road, Tumon, Guam 96913.

12. The term "Incident" means and includes the incident that occurred on November 17, 2002, in which the Plaintiff Hun Sang Lee allegedly made a shallow dive into the swimming pool and struck his head on concrete steps which abutted into the swimming pool as alleged in the Complaint.

13. The term "person" means and includes not only a natural person, but also any entity such as a company, corporation, partnership, firm, association, organization, trust, or public entity.

14. As used herein, the term "writings" means any tangible thing upon which is recorded any form of communication or representation, including letters, words, pictures, sounds or symbols, or any combination thereof, by means of handwriting, typewriting, printing, photostating, photographing, sound recording, or any other method of recording. This definition includes, but is not limited to, records, reports, papers, documents, photographs, books, letters, notes, memoranda, statements, tape recordings, phonograph recordings, microfilm, and electronic mail, whether in your possession or under your control or not, relating to or pertaining in any manner to the subject in connection with which it is used; and includes, without limitation, all file copies and all drafts prepared in connection with such writings, whether used or not.

15. As used herein, the term "documents" means and includes:

   a. Tangible things or items, whether handwritten, typed, printed, tape recorded, electronically recorded, video-tape recorded, visually reproduced, stenographically reproduced or reproduced in any other manner;

   b. Originals and all copies of any and all communications;

   c. Writings of any kind or type whatsoever;

   d. Data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form as defined in Rule 34 of the Federal Rules of Civil Procedure;

   e. Books, pamphlets, brochures, studies, reports of studies, investigation, reports of investigation, tests, experiments, and research;

   f. Microtape, microfilm, photographs, movies, records, recordings, tape recordings, and video-tape recordings, stenographically or otherwise reproduced;

   g. Diaries and appointment books;

   h. Cables, wires, memoranda, reports, notes, minutes, and interoffice communications;

   i. Letters and correspondence;

   j. Drawings, blueprints, sketches, and charts;

   k. Patents and patent applications;

   l. Contracts or agreements;

   m. Other legal instruments or official documents;

   n. Deeds, leases, mortgages, assignments, or other instruments relating to real property or personal property;

o. Published material of any kind;

p. Engineering or scientific notebooks and data;

q. Financial statements, balance sheets, profit and loss statements, statements of financial condition, income tax returns, worksheets, reports, projections, schedules, ledgers, books, records, and journals;

r. Vouchers, expense accounts, receipts, invoices, bills, orders, billings, and checks;

s. Investigation or incident reports;

t. Files and records;

u. Proposals, feasibility studies, engineering studies, renderings, plans, as-built drawings, progress schedules, change orders, estimates, and projections;

v. Notes or summaries of conferences, meetings, discussions, interviews, or telephone conversations or messages;

w. Travel reports and vouchers;

x. Drafts or draft copies of any of the above;

y. Electronically stored and retrieved electronic information, including, but not limited to electronic mail, which is more commonly referred to as "e-mail";

z. Computer files that are still in storage media, but that are identified as "erased but recoverable";

aa. Mechanized information retrieval systems;

bb. Data stored in mechanized information retrieval systems;

cc. Computer programs;

dd. Electronically stored databases;

ee. Computerized databases;

ff. Computer files;

gg. Computer files in a word processor;

hh. Computer diskettes;

ii. Computer files that are on a computer hard drive;

jj. Data information generated by, or stored on, any computer or electronic media, including but not limited to all electronic files, documents, e-mail, html files, material produced by proprietary software (software development in-house) or other software, presentations, CAD drawings, electronic images, spreadsheets, pictures, and charts, including any software application necessary to review the same; and drafts or draft copies of any of the above.

16. "Conversation" means and includes, without limitation, any discussion, conversation, conference, meeting, interview, telephone call, and any statement or representation made therein.

17. "Communication" means and includes, without any limitation, any verbal or written exchange of information, whether telephonic, telegraphic, printed, recorded, graphic, photographic, or otherwise, and includes "documents," "writings," and "conversations" as defined above.

18. "Any" shall include "all" and "all" shall include "any."

19. "Referring to" and "relating to" shall mean directly or indirectly concerning, constituting, comprising, containing information regarding, consisting of, setting forth, alluding to, proposing, showing, disclosing, describing, depicting, explaining, summarizing, reflecting, authorizing, mentioning, discussing, bearing upon, commenting upon,

evidencing, detecting, or pertaining in any way.

20. "Identify" when used with respect to any Document, means to describe the Document in such a manner that all the following information is provided:

    a. Its nature (*e.g.,* letter, memorandum, contract, report, statement, recording, photograph, etc.);

    b. The location of the Document, including the name of the person who presently has custody or control of the Document;

    c. The date the Document was signed, prepared, drafted or recorded;

    d. The name of the person or persons who signed, prepared, drafted, or recorded the Document or participated therein;

    e. The date of the Document; and a summary or description of the contents of the Document.

    f. A summary or description of the contents of the Document.

21. "Identify" when used with respect to any conversation, means to describe the conversation in such a manner that all the following information is provided:

    a. Whether the conversation took place in person, by telephone or otherwise;

    b. If by telephone, the identity of the party originating the call, the identity of the person receiving the call, the identity of any other person participating in the conversation, and the location of each of these parties at the time of the conversation;

    c. If by telephone, the identity of any other person present within hearing of any party to the conversation;

d. If in person, the identity of all persons present during the conversation and the location of the conversation;

e. The date and time of the conversation; and

f. To the best of your recollection, what was said by each party to the conversation.

22. "Identify" when used with respect to any person, means to state the person's name, residence address, residence telephone number, employment position, employer's name, business address, and business telephone number.

23. In producing these documents, you are requested to furnish all documents known or available to you, regardless of whether these documents are possessed directly by you or your agents, employees, representatives, investigators, or by your attorneys or their agents, employees, representatives, or investigators.

24. If any of these documents cannot be produced in full, produce to the extent possible, specifying your reasons for your inability to produce the remainder and stating whatever information, knowledge, or belief you do have concerning the unproduced portion.

25. If any documents or things requested were at one time in existence, but are no longer in existence, please so state, specifying for each document or thing: a) the type of document or thing; b) the types of information contained thereon; c) the date upon which it ceased to exist; d) the circumstances under which it ceased to exist; e) the identities of all persons having knowledge of the circumstances under which it ceased to exist; and f) the identities of all persons having knowledge or who had knowledge of the contents thereof.

26. This Request is a continuing one. If, after producing documents, you obtain or become aware of any further documents responsive to this Request, you are required to

produce the additional documents to Robins.

If any documents covered by this Request are withheld by reason of a claim of privilege, a privilege log shall be furnished, as part of your required response to this Request, identifying each document for which a privilege is claimed together with the following information with respect to each document withheld: a) date; b) sender; c) recipient; d) the identity of any person to whom copies were furnished; e) general subject matter; f) basis on which privilege is claimed; and g) the paragraph of the Request to which such document relates.

# EXHIBIT "B"

## DOCUMENTS TO BE PRODUCED

1. All documents referring or relating in any way to the Su Center, Su Center Hotel and/or the Royal Orchid Hotel located at 626 Pale San Vitores Road, Tumon, Guam 96913 (the "Royal Orchid Hotel").

2. Any and all documents and writings constituting, referring or relating in any way whatsoever to proposals, contracts, and/or agreements relating to the Royal Orchid Hotel or the Project.

3. Any and all documents referring or relating in any way to RIM Architects a/k/a HNC Architect's involvement with the Project.

4. Any and all documents referring or relating in any way to the design, development, permitting, construction, repair and/or maintenance of the swimming pool at the Royal Orchid Hotel.

5. Any and all documents referring or relating in any way to the design, specification, or selection of the materials, fixtures, supplies, or related components and materials used in the construction of any part of the Royal Orchid Hotel, including, but not limited to the swimming pool and related amenities.

6. Any and all documents and writings constituting, relating, or referring in any way to any agreements, conversations, correspondence or communications to, by, between, or among Winzler & Kelly Consulting Engineers, Anthony Robins and Associates, Plaintiff Hun Sang Lee, Manhattan Guam, Inc., O.A. Coloma, or Phoenix United relating in any way to the swimming pool at the Royal Orchid Hotel, the Project, and/or the Lawsuit.

7. Any and all documents constituting, relating or referring in any way to any permits issued by any agency of the government of Guam with respect to the Royal Orchid Hotel, the swimming pool at the Royal Orchid Hotel, and/or the Project (hereinafter "government permits"), including but not limited to any permits issued by the Guam Department of Public Works (hereinafter "DPW") and/or the Guam Department of Public Health and Social Services (hereinafter "DPHSS"), and including but not limited to the government permits themselves, all applications for government permits, all denials of government permits, all correspondence and memoranda relating to such government permits, and all other documents regarding government permits.

8. All plans, drawings, design or shop drawings, specifications and other documents relating to the Royal Orchid Hotel, the swimming pool at the Royal Orchid Hotel, and/or components of the Royal Orchid Hotel, including but not limited to all architectural drawings and plans, all design drawings and plans, all construction drawings and plans, all structural drawings and plans and all working drawings and plans and all as-built drawings and plans.

9. All documents constituting, relating or referring in any way to any communications between you and any government agency regarding obtaining a building permit for the Royal Orchid Hotel or any of its components, including but not limited to, the swimming pool at the Royal Orchid Hotel.

10. All documents referring or relating in any way to any inspections of the Royal Orchid Hotel by any government agency in regards to obtaining any building permit or other governmental approval.

11. All documents constituting, relating or referring in any way to any communications between you and any owner or owner's representative, including but not limited to Mr. Ronald Su and/or Mr. David Su or any other person representing any interest whatsoever on behalf of Manhattan Guam and/or the Royal Orchid Hotel.

12. A privilege log of any and all documents that are withheld by reason of a claim of privilege from this Request, including a list identifying each document for which a privilege is claimed together with the following information with respect to each document withheld: a) date; b) sender; c) recipient; d) the identity of any person to whom copies were furnished; e) general subject matter; f) basis on which privilege is claimed; and g) the paragraph of the Request to which such document relates.