

**FILED**
DISTRICT COURT OF GUAM
APR 25 2006
MARY L.M. MORAN
CLERK OF COURT

LAW OFFICES OF
**CRONIN FRIED SEKIYA**
**KEKINA & FAIRBANKS**
841 BISHOP STREET, SUITE 600
HONOLULU, HAWAII 96813
TELEPHONE: (800) 227-8601/(808) 524-1433

**JASON S. KIM, ESQ.**
SUITE 303, YOUNG'S PROFESSIONAL BUILDING
UPPER TUMON, GUAM 96913
TELEPHONE: (671) 649-8123

*Attorneys for Plaintiff Hun Sang Lee*

## DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| HUN SANG LEE, | ) CIVIL CASE NO. CV04-00027 |
| Plaintiff, | ) **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT WINZLER & KELLY CONSULTING ENGINEERS' MOTION FOR SUMMARY JUDGMENT FILED MARCH 31, 2006** |
| vs. | |
| MANHATTAN GUAM, INC., dba ROYAL ORCHID HOTEL, ANTHONY ROBINS AND ASSOCIATES, O.A. COLOMA, P.C., PHOENIX UNITED CORP., LTD., WINZLER & KELLY CONSULTING ENGINEERS, and DOE DEFENDANTS One through Ten, | |
| Defendants. | ) Current Trial Date: September 25, 2006<br>) Former Trial Date: November 14, 2005 |

**ORIGINAL**

| | |
|---|---|
| MANHATTAN GUAM, INC. dba ROYAL ORCHID HOTEL, | )<br>)<br>) |
| Cross-Claimant, | )<br>) |
| vs. | )<br>) |
| ANTHONY ROBINS AND ASSOCIATES, O.A. COLOMA, P.C., PHOENIX UNITED CORP., LTD., WINZLER & KELLY CONSULTING ENGINEERS, | )<br>)<br>)<br>)<br>) |
| Cross-Defendants. | )<br>) |
| WINZLER & KELLY CONSULTING ENGINEERS, | )<br>)<br>) |
| Third-Party Plaintiff, | )<br>) |
| vs. | )<br>) |
| VSL PRESTRESING (GUAM), INC. | )<br>) |
| Third-Party Defendant. | )<br>) |
| ANTHONY ROBINS AND ASSOCIATES, | )<br>) |
| Cross-Claimant, | )<br>) |
| vs. | )<br>) |
| MANHATTAN GUAM, INC. dba ROYAL ORCHID HOTEL, | )<br>)<br>) |
| Cross-Defendants. | )<br>) |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR
EXTENSION OF TIME TO FILE PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO DEFENDANT WINZLER & KELLY CONSULTING
ENGINEERS' MOTION FOR SUMMARY JUDGMENT FILED MARCH 31, 2006**

Comes now Plaintiff Hun Sang Lee, by and through his attorneys, and hereby submits Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Ex Parte Application for Extension of Time to File Plaintiff's Memorandum in Opposition to Defendant Winzler & Kelly Consulting Engineers' Motion for Summary Judgment, filed March 31, 2006, pursuant to LR 7.1(j) of the Local Rules of the U.S. District Court for the District of Guam:

1. Lead counsel for the non-moving parties are: (1) Guam attorney G. Patrick Civille, Esq. for Defendant Manhattan Guam, Inc.; (2) Saipan attorney Robert O'Connor, Esq. for Defendant Winzler & Kelly Consulting Engineers ("W&K"); and (3) Hawaii attorney Harvey J. Lung, Esq. for Defendant Anthony Robins & Associates, P.C. ("ARA").

2. Local Guam counsel for W&K and ARA are Randall Thompson, Esq. and Jennifer Calvo-Quitugua, Esq., respectively.

3. Facts set forth herein are supported by the Affidavit of Patrick F. McTernan, filed separately, and the exhibits thereto.

4. Plaintiff applies for an extension of time to file his memorandum in opposition to Defendant W&K's Motion for Summary Judgment (hereinafter "Motion") until at least May 19, 2006. Plaintiff requests this extension for three reasons: (1) no opposition has yet been filed because Plaintiff's counsel, Patrick F. McTernan

(hereinafter "Mr. McTernan"), was led to believe that the Motion was being set for hearing on May 24 or 25, 2006, and it was therefore Mr. McTernan's understanding that under the Local Rules Plaintiff's opposition would not be due until sometime in May 2006; (2) Mr. McTernan's travel schedule since the Motion was filed, and in the coming weeks, was and will be such that he will not have adequate time to prepare an adequate response to the Motion before that time; and (3) the parties are scheduled for mediation on May 9, 2006, and therefore it may not be necessary to file an opposition if the case is resolved.

5. The Motion was filed on March 31, 2006. On March 28, 2006, before the Motion was filed, lead counsel for W&K, Robert O'Connor, sent the parties an e-mail indicating that he was in the process of obtaining a hearing date for the Motion, and that the Motion probably would be set for hearing on May 24 or May 25, 2006. See Exhibit "A" to Affidavit of Patrick F. McTernan, filed separately. As a result of that e-mail Mr. McTernan was led to believe that the Motion would in fact be set for oral argument and that Plaintiff's opposition would not be due until 14 days before the hearing pursuant to LR 7.1(d)(1)(A).

6. Mr. McTernan has been traveling most of the time since then. The day Mr. McTernan received the Motion, Mr. McTernan flew out of the country and was out of the country and out of his office through the end of the following week. Mr. McTernan was only in his office for one day, Monday, April 10, 2006, before he again left Hawaii to fly to Guam for depositions in this case that continued through the end of the week. Mr. McTernan flew back to Honolulu on Saturday, April 15, 2006.

7. Mr. McTernan was in his office for only two days when, on Wednesday, April 19, 2006, Mr. McTernan first received an e-mail from his Guam co-counsel notifying him that Guam co-counsel had received a telephone message from the District Court stating that Plaintiff's memorandum in opposition was overdue. That was the first time Mr. McTernan became aware that no hearing date had been set for the Motion.

8. Earlier on the same day Mr. McTernan had, coincidentally, asked his secretary to e-mail lead counsel for W&K, Robert O'Connor, to find out the hearing date, which she did (see Exhibit "B" to Affidavit of Patrick F. McTernan, filed separately). As of the time of his response, Mr. O'Connor also was apparently under the impression that his Motion was being set for hearing. His responsive e-mail (see Exhibit "C" to Affidavit of Patrick F. McTernan) stated:

> Since we were not able to reach any agreement as to a hearing date before we filed our motion, we asked the court to just set it for any date convenient to the court between May 8 and May 26.
>
> We have not yet heard back from the court on a specific date.

9. At the time of this writing, it is Friday, April 21, 2006, and Mr. McTernan is scheduled to fly to Korea on Monday, April 24, 2006, for a series of depositions in this case that will last through Saturday, May 6, 2006. Immediately thereafter, Mr. McTernan is scheduled to fly to Saipan with Plaintiff for a mediation of this case with U.S. District Court Judge Alex R. Munson on Tuesday, May 9, 2006.

10. Since learning that the Motion was not set for hearing, Mr. McTernan has attempted to prepare an adequate memorandum in opposition as quickly as possible. However, an adequate opposition will require, at a minimum, a detailed discussion of the facts, a large number of exhibits, and further legal research. Mr. McTernan will not have

time to prepare such an opposition before departing for Korea, and it would be difficult to prepare the opposition while Mr. McTernan is in Korea.

11. The upcoming depositions in Korea are extremely important ones. The parties will be deposing Plaintiff, his family, four eyewitnesses, one or more of his treating physicians, and several business colleagues who will testify to Plaintiff's economic losses. Attempting to prepare the opposition while these depositions are underway would be a distraction that could prejudice the quality of the depositions, the opposition, or both. For this reason, Mr. McTernan requests that he be allowed a reasonable period of time after the Korea depositions and the Saipan mediation – at least until Friday, May 19, 2006 – to prepare the opposition. Otherwise, it is Mr. McTernan's firm belief that Plaintiff will be severely prejudiced.

12. Plaintiff's application for extension of time is being made ex parte because, as of this writing, Mr. McTernan has been unable to contact Mr. O'Connor. Mr. O'Connor is apparently in Australia. Moreover, after today it will not be feasible to execute a stipulation without undue delay because Mr. McTernan and his local counsel in Guam will both be traveling to Korea.

13. Mr. McTernan has spoken to lead counsel for Defendants Manhattan Guam, Inc. and Anthony Robins and Associates, P.C., attorneys G. Patrick Civille, Esq. and Harvey Lung, Esq., respectively. Mr. McTernan was advised that they have no objection to the requested extension and they would be willing to execute a stipulation. However, Mr. O'Connor's unavailability makes the stipulation infeasible.

14. Mr. McTernan has attempted to contact local Guam counsel for W&K, Randall Thompson, Esq., but as of this writing Mr. McTernan has been unsuccessful.

Moreover, it is doubtful Mr. Thompson would be willing to agree to such an extension without first consulting Mr. O'Connor. Therefore, this <u>ex parte</u> application is necessary.

15. Mr. McTernan will be notifying all counsel promptly of this <u>ex parte</u> motion by serving them with copies of the same, as required under LR 7.1(j).

Based on the foregoing, Plaintiff respectfully submits that there is good cause for the requested extension, and Plaintiff respectfully requests that his application for said extension be granted.

DATED: Honolulu, Hawaii, April 22, 2005.

CRONIN FRIED SEKIYA
KEKINA & FAIRBANKS

JASON S. KIM, ESQ.

By_____
PATRICK F. McTERNAN
Attorneys for Plaintiff