RANDALL TODD THOMPSON
MAIR, MAIR, SPADE & THOMPSON
Suite 801, Pacific News Building
238 Archbishop F.C. Flores Street
Hagåtña, Guam 96910
Phone: (671) 472-2089
Fax: (671) 477-5206

ROBERT J. O'CONNOR
O'CONNOR BERMAN DOTTS & BANES
Second Floor, Nauru Building
Susupe, Saipan, CNMI
Mail: PO Box 50-1969 Saipan MP 96950
Phone: (670) 234-5684
Fax: (670) 234-5683

Attorneys for Defendant
Winzler & Kelly Consulting Engineers



APR 2 6 2006

MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| HUN SANG LEE, | Civ. No. CIV 04-00027 |
| Plaintiff, | WINZLER & KELLY'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR EXTENSION OF TIME |
| vs. | |
| MANHATTAN GUAM, INC., dba ROYAL ORCHID HOTEL, ANTHONY ROBINS AND ASSOCIATES, O.A. COLOMA, P.C., WINZLER & KELLY CONSULTING ENGINEERS, and DOE DEFENDANTS One through Ten, | |
| Defendants. | |
| MANHATTAN GUAM, INC., dba ROYAL ORCHID HOTEL, | |
| Crossclaimant, | |
| vs. | |
| ANTHONY ROBINS AND ASSOCIATES, et al, | |
| Cross-Defendants. | |

| | |
|---|---|
| ANTHONY ROBINS AND ASSOCIATES, | ) |
| | ) |
| Crossclaimant, | ) |
| | ) |
| vs. | ) |
| | ) |
| MANHATTAN GUAM, INC., | ) |
| dba ROYAL ORCHID HOTEL, | ) |
| | ) |
| Cross-Defendant. | ) |

## INTRODUCTION

Defendant Winzler & Kelly hereby OPPOSES Plaintiff's application for an extension of time to May 19, 2006, to file his opposition to Winzler & Kelly's pending Motion For Summary Judgment, which was filed with the Court on March 31, 2006.

Winzler & Kelly does not categorically oppose *any* extension of time to file, but it does oppose Plaintiff's application to extend the time until May 19, because any such extension would make it impossible for the motion to be fully briefed and heard by May 26, the last date on which Winzler & Kelly's counsel will be available to argue it.

Winzler & Kelly asks that, if the Court is inclined to grant Plaintiff an extension of time, it grant him until no later than May 10, and also grant Winzler & Kelly until May 22 to file its reply, and set a hearing date of May 24, 25, or 26.

In support of this position, Winzler & Kelly shows the Court the following:

2

## ARGUMENT

1. Winzler & Kelly has filed a motion for summary judgment in this matter. The motion was filed March 31, 2006. Together with the motion, Winzler & Kelly filed a Request For Oral Argument, requesting the Court to set the motion for hearing on any date between May 8 and May 26.

2. Winzler & Kelly's counsel Robert J. O'Connor is unavailable to argue the motion after May 26, since he is traveling to the United States on May 27, and will not return to the Marianas until around the end of July. See Affidavit of Robert J. O'Connor, filed herewith, at ¶ 3. In fact, he took the precaution of asking for a hearing date within a very broad time span, and filing the motion substantially in advance of any date within that broad span, for the very purpose of ensuring that the motion could be briefed and heard prior to his departure. See id.

3. Plaintiff's motion for leave to file his opposition on May 19 would not leave adequate time for Winzler & Kelly to prepare a reply brief, and still have the motion heard by May 26. Granting Plaintiff's motion would necessarily push the hearing at least into June, when Mr. O'Connor will be unavailable to argue it. Such an extension is unwarranted by the circumstances, and is unduly and unfairly prejudicial to Winzler & Kelly.

4. There is no good reason to extend the due date for Plaintiff's opposition brief as far as May 19. Plaintiff has had more than enough time already to prepare a response

to Winzler & Kelly's motion. The motion was filed on March 31, meaning that, as of the date he filed his *ex parte* motion (April 25), Plaintiff has already had 25 days to prepare a response. The applicable rules (Local Rule 7.1) provide for as few as 7 (for motions with oral argument) or 14 (for motions without oral argument). Plaintiff has had far more time than the rules require.

5. Nothing about this motion is so out of the ordinary as to require so much extra time to respond to it. The factual issues are straightforward, and no complex legal questions are raised. The motion argues simply that Winzler & Kelly cannot be liable to the Plaintiff for his injuries, because Winzler & Kelly did not design, inspect, or have any contractual duty to design or inspect, the swimming pool steps on which he claims to have been injured. See generally Winzler & Kelly's Motion For Summary Judgment and supporting memorandum (filed March 31, 2006). Such a straightforward motion cannot justify granting any party the 49 days from March 31 to May 19 (seven times what the rules require) to respond to it.

6. That is even more true in this case, because Plaintiff's counsel has been on notice for months that Winzler & Kelly would be filing this motion, raising these issues. On June 23, 2005, more than nine months before this motion was filed, Mr. O'Connor sent a letter to Mr. McTernan and his partner Richard Fried asking that they dismiss Winzler & Kelly from the case for the same reasons that form the basis of this motion -- i.e., that Winzler & Kelly has nothing to do with the pool steps. See O'Connor Affidavit at ¶ 7 and Exhibit 1 thereto. He attached numerous exhibits to this letter, which are

4

substantially the same exhibits now submitted in support of the summary judgment motion, as well as a report from the same expert witness (Dean Gillham) who now has filed an affidavit in support of the summary judgment motion. See generally exhibits to Exhibit 1 (including structural drawing of pool area, contracts for the project, inspection reports, etc.). Mr. O'Connor then met with Mr. McTernan and Mr. Fried in Hawaii on June 30, 2005, and discussed these issues at length, again seeking dismissal from the case; and they then advised all other counsel in the case that they were considering the issue. See O'Connor Affidavit at ¶ 7 and Exhibit 2 thereto. On August 15, 2006, Mr. O'Connor advised Mr. McTernan and Mr. Fried that, if Winzler & Kelly were not dismissed from the case, it would be filing a motion for summary judgment on or after December 1, 2005, and that they should be prepared for it. See O'Connor Affidavit at ¶ 7 and Exhibit 2 thereto. In fact, the motion was not filed until March 31, 2006. Plaintiff has thus had more than six months to prepare for this motion *before* it ever was filed, and (as noted above), has had more than a month already to prepare an opposition *since* it was filed.

7. In support of Plaintiff's motion, his counsel Mr. McTernan claims to have believed since March 28 that the motion would be heard on May 24 or May 25, and that his opposition would therefore be due fourteen days previously under the rules (i.e., May 10 or May 11). See McTernan Affidavit at ¶ 6. His belief was unreasonable. Mr. O'Connor never told Mr. McTernan that the motion would be heard on May 24 or May 25. See O'Connor Affidavit at ¶ 8. He told him only that, according to the court clerk, those dates were the most likely. See id. See also Exhibit A to McTernan Affidavit

(O'Connor e-mail to McTernan).  Mr. McTernan never agreed to a hearing on those dates, or on any other date, so Winzler & Kelly requested the Court to set any date from May 8 to May 26, and served a copy of this request on Plaintiff's local counsel, together with the motion, on March 31.  See O'Connor Affidavit at ¶ 8 and Exhibit 3 thereto.  Plaintiff's counsel has thus been on notice ever since the motion was filed that it could potentially be set for hearing as early as May 8, in which case the due date for the opposition would be 14 days previously -- i.e., April 24.  Reasonable prudence would therefore dictate that the opposition should have been ready for filing on April 24, in case the Court were to set a May 8 hearing date.

8.  Even if Mr. McTernan's mistaken belief that the hearing was already set for May 24 or 25 was reasonable, it still would not justify the extension he now seeks.  His misunderstanding could perhaps justify a request to extend time to May 10 (14 days prior to May 24).  It cannot justify a request to extend time to May 19.  Under no circumstances could Plaintiff's counsel ever have believed that his opposition would be due that late, which is only 5-6 days before the hearing date he claims to have expected.  In fact, Winzler & Kelly has already agreed to allow Plaintiff to file his brief up to May 10, provided Winzler & Kelly can file its reply by May 22, and have the motion heard on May 25.  See O'Connor Affidavit at ¶ 9 and Exhibit 4 thereto.  Plaintiff's counsel has not yet responded to this proposal.

9.  Mr. McTernan also states that the day he received Winzler & Kelly's motion, he flew out of the country and was out of the country and out of his office though the end

6

of the following week. See McTernan Affidavit at ¶ 7. He fails to mention, however, that he advised Mr. O'Connor of this ahead of time, and asked that he send the motion to Mr. McTernan's personal e-mail so he could review it on his trip. See O'Connor Affidavit at ¶ 10 and Exhibit 5 thereto. Mr. O'Connor did send the motion to Mr. McTernan's personal e-mail. See O'Connor Affidavit at ¶ 10. Therefore, Plaintiff cannot fairly claim this as lost time justifying an extension of time.

10. Even if Mr. McTernan has been unusually busy, he is not the only attorney to represent Plaintiff in this matter. His partner Mr. Fried has also been actively involved in the case. Mr. Fried has represented Plaintiffs at several important expert-witness depositions, and Winzler & Kelly's understanding has always been that Mr. Fried is actually the lead trial lawyer for the case. See O'Connor Affidavit at ¶ 11. When Mr. O'Connor met with Plaintiff's counsel in Hawaii to discuss the same issues that are raised in the current motion, he met with both Mr. McTernan and Mr. Fried. See id. Mr. Fried was fully and actively engaged in the discussion, and is as fully apprised of the issues as is Mr. McTernan. See id. Winzler & Kelly is aware of no reason why, even if Mr. McTernan has been otherwise occupied, Mr. Fried or some other member of the firm could not prepare an opposition to the motion.

## CONCLUSION

Because an extension of time to May 19 is not reasonably justified, and because of the undue and unfair prejudice that would result to Winzler & Kelly if it were granted, Winzler & Kelly urges the court to deny Plaintiff's application for an extension of time to

7

that date. If the court believes that any extension of time is warranted, Winzler & Kelly asks that Plaintiff's time to file his opposition be extended to no later than May 10, that Winzler & Kelly also be granted until May 22 to file its reply, and that the motion be set for hearing on May 24, 25, or 26.

Respectfully submitted this 26th day of April, 2006.

MAIR MAIR SPADE & THOMPSON
O'CONNOR BERMAN DOTTS & BANES
Counsel for Winzler & Kelly

BY: _____
        **SANDRA E. CRUZ**

**CERTIFICATE OF SERVICE**

I, SANDRA E. CRUZ, hereby certify that I have caused a copy of the **WINZLER & KELLY'S OPPOSITION TO PLAINTIFF'S EX PARTE A[PLICATION FOR EXTENSION OF TIME**, to be served upon the following offices as set forth below:

On April 26, 2006, to:

Patrick F. McTernan, Esq.
Cronin, Fried, Sekiya, Kekina & Fairbanks
841 Bishop Street, Suite 600
Honolulu, Hawaii 96813-3962
Telefax: (808) 536-2073

    (by fax)

Jason S. Kim, Esq.
Law Offices of Jason S. Kim
Suite 303, Young's Professional Building
788 N. Marine Drive
Upper Tumon, Guam 96913

    (by personal delivery)

Attorneys for Plaintiff Hun Sang Lee

G. Patrick Civille, Esq.
Civille & Tang, PLLC
330 Herman Cortez Avenue, Suite 200
Hagåtña, Guam 96910

    (by personal delivery)

Attorneys for Defendant, Cross-Claimant and Cross-Defendant
    Manhattan Guam, Inc. dba Royal Orchid Hotel

Michael A. Pangelinan, Esq.
Jennifer Calvo-Quitugua, Esq.
Calvo & Clark, LLP
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913

    (by personal delivery)

Michael C. Carrolle, Esq.
Harvey J. Lung, Esq.
Bays, Deaver, Lung, Rose & Baba
1099 Alakea St. 16th Floor
Honolulu, Hawaii 96813

Fax No. (808) 533-4184

(by fax)

Attorneys for Defendant, Cross-Defendant and Cross-Claimant
Anthony Robins and Associates

Oscar A. Coloma
O.A. Coloma, P.C.
Suite 35, Paraoceana Business Center
674 Harmon Loop Road
Dededo, Guam 96929

Pro se

(by first class US Mail)

Dated this 26th day of April, 2006.

**SANDRA E. CRUZ**