RANDALL TODD THOMPSON
MAIR, MAIR, SPADE & THOMPSON
Suite 801, Pacific News Building
238 Archbishop F.C. Flores Street
Hagåtña, Guam 96910
Phone: (671) 472-2089
Fax: (671) 477-5206

ROBERT J. O'CONNOR
O'CONNOR BERMAN DOTTS & BANES
Second Floor, Nauru Building
Susupe, Saipan, CNMI
Mail: PO Box 50-1969 Saipan MP 96950
Phone: (670) 234-5684
Fax: (670) 234-5683

Attorneys for Defendant
Winzler & Kelly Consulting Engineers

**FILED**
DISTRICT COURT OF GUAM

APR 26 2006

MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| HUN SANG LEE, | ) | Civ. No. CIV 04-00027 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MOTION FOR LEAVE |
| vs. | ) | TO FILE FACSIMILE COPY |
| | ) | OF AFFIDAVIT OF |
| MANHATTAN GUAM, INC., et al., | ) | ROBERT J. O'CONNOR |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant Winzler & Kelly Consulting Engineers hereby moves the Court for leave to file the attached facsimile copy of the Affidavit of Robert J. O'Connor in lieu of the original. In support of this motion, Winzler & Kelly shows the Court the following:

1. The Affidavit of Robert J. O'Connor is submitted in opposition to Plaintiff's *Ex Parte* Application for Extension of Time, which was filed yesterday.

2. The substance and character of Plaintiff's *ex parte* motion requires a prompt response from Winzler & Kelly. In light of the emergency nature of the motion, a response should be filed today, if at all possible.

3. An affidavit from Mr. O'Connor is essential to an informed disposition of the motion. Only Mr. O'Connor has knowledge of the relevant facts as to why Plaintiff's motion should not be granted, and only he can rebut the assertions made by Plaintiff's counsel Mr. McTernan in his own affidavit submitted in support of the motion (which itself was apparently sent from Hawaii).

4. Mr. O'Connor executed his original Affidavit on Saipan yesterday evening. The original cannot be physically sent to Guam in sufficient time to be filed in court today. If the Affidavit is to be filed today, it is therefore necessary to file a facsimile copy in lieu of the original.

5. The original affidavit will be sent from Saipan to Guam by courier today, and will be filed with the Court promptly upon its arrival.

Respectfully submitted this 26th day of April, 2006.

MAIR MAIR SPADE & THOMPSON
O'CONNOR BERMAN DOTTS & BANES
Counsel for Winzler & Kelly

BY:_____
**SANDRA E. CRUZ**

# CERTIFICATE OF SERVICE

I, **SANDRA E. CRUZ**, hereby certify that I have caused a copy of the **MOTION FOR LEAVE TO FILE FACSIMILE COPY OF AFFIDAVIT OF ROBERT J. O'CONNOR; AFFIDAVIT**, to be served upon the following offices as set forth below:

On April 26, 2006, to:

Patrick F. McTernan, Esq.
Cronin, Fried, Sekiya, Kekina & Fairbanks
841 Bishop Street, Suite 600
Honolulu, Hawaii 96813-3962
Telefax: (808) 536-2073

    (by fax)

Jason S. Kim, Esq.
Law Offices of Jason S. Kim
Suite 303, Young's Professional Building
788 N. Marine Drive
Upper Tumon, Guam 96913

    (by personal delivery)

Attorneys for Plaintiff Hun Sang Lee

G. Patrick Civille, Esq.
Civille & Tang, PLLC
330 Herman Cortez Avenue, Suite 200
Hagåtña, Guam 96910

    (by personal delivery)

Attorneys for Defendant, Cross-Claimant and Cross-Defendant
    Manhattan Guam, Inc. dba Royal Orchid Hotel

Michael A. Pangelinan, Esq.
Jennifer Calvo-Quitugua, Esq.
Calvo & Clark, LLP
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913

    (by personal delivery)

Michael C. Carrolle, Esq.
Harvey J. Lung, Esq.
Bays, Deaver, Lung, Rose & Baba
1099 Alakea St. 16th Floor
Honolulu, Hawaii 96813

Fax No. (808) 533-4184

(by fax)

Attorneys for Defendant, Cross-Defendant and Cross-Claimant
Anthony Robins and Associates

Oscar A. Coloma
O.A. Coloma, P.C.
Suite 35, Paraoceana Business Center
674 Harmon Loop Road
Dededo, Guam 96929

Pro se

(by first class US Mail)

Dated this 26th day of April, 2006.

**SANDRA E. CRUZ**

**RANDALL TODD THOMPSON**
**MAIR, MAIR, SPADE & THOMPSON**
**Suite 801, Pacific News Building**
**238 Archbishop F.C. Flores Street**
**Hagåtña, Guam 96910**
**Phone: (671) 472-2089**
**Fax: (671) 477-5206**

**ROBERT J. O'CONNOR**
**O'CONNOR BERMAN DOTTS & BANES**
**Second Floor, Nauru Building**
**Susupe, Saipan, CNMI**
**Mail: PO Box 50-1969 Saipan MP 96950**
**Phone: (670) 234-5684**
**Fax: (670) 234-5683**

**Attorneys for Defendant**
**Winzler & Kelly Consulting Engineers**

### IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| HUN SANG LEE, | Civ. No. CIV 04-00027 |
| Plaintiff, | AFFIDAVIT OF |
| vs. | ROBERT J. O'CONNOR |
| MANHATTAN GUAM, INC.,<br>dba ROYAL ORCHID HOTEL,<br>ANTHONY ROBINS AND ASSOCIATES,<br>O.A. COLOMA, P.C.,<br>WINZLER & KELLY CONSULTING<br>ENGINEERS, and<br>DOE DEFENDANTS One through Ten, | |
| Defendants. | |
| MANHATTAN GUAM, INC.,<br>dba ROYAL ORCHID HOTEL, | |
| Crossclaimant, | |
| vs. | |
| ANTHONY ROBINS AND ASSOCIATES,<br>et al, | |
| Cross-Defendants. | |

|                                            |     |
| ------------------------------------------ | --- |
| ANTHONY ROBINS AND ASSOCIATES,             | )   |
|                                            | )   |
| Crossclaimant,                             | )   |
|                                            | )   |
| vs.                                        | )   |
|                                            | )   |
| MANHATTAN GUAM, INC.,                      | )   |
| dba ROYAL ORCHID HOTEL,                    | )   |
|                                            | )   |
| Cross-Defendant.                           | )   |

Robert J. O'Connor, being duly sworn, deposes and says:

1. I am an attorney licensed to practice in the Commonwealth of the Northern Mariana Islands and in the Territory of Guam. I represent Defendant Winzler & Kelly Consulting Engineers in the above-captioned matter.

2. Winzler & Kelly has filed a motion for summary judgment in this matter. The motion was filed March 31, 2006. Together with the motion, Winzler & Kelly filed a Request For Oral Argument, requesting the Court to set the motion for hearing on any date between May 8 and May 26.

3. I am unavailable to argue the motion after May 26, since I am traveling to the United States on May 27, and will not return to the Marianas until around the end of July. I took the precaution of asking for a hearing date within a very broad time span, and filing the motion substantially in advance of any date within that broad span, for the very purpose of ensuring that the motion could be briefed and heard prior to my departure. I

strongly object to any change to the briefing schedule that would preclude the motion from being briefed and heard by May 26.

4. Plaintiff's motion for leave to file his opposition on May 19 would not leave adequate time for Winzler & Kelly to prepare a reply brief, and still have the motion heard by May 26. Granting Plaintiff's motion would necessarily push the hearing at least into June, when I will be unavailable to argue it. Winzler & Kelly opposes any such extension. It is unwarranted by the circumstances, and is unduly and unfairly prejudicial to Winzler & Kelly.

5. There is no good reason to extend the due date for Plaintiff's opposition brief as far as May 19. Plaintiff has had more than enough time already to prepare a response to Winzler & Kelly's motion. The motion was filed on March 31, meaning that as of today (April 25) Plaintiff has already had 25 days to prepare a response. The applicable rules (Local Rule 7.1) provide for as few as 7 (for motions with oral argument) or 14 (for motions without oral argument). Plaintiff has had far more time than the rules require.

6. Nothing about this motion is so out of the ordinary as to require so much extra time to respond to it. The factual issues are straightforward, and no complex legal questions are raised. The motion argues simply that Winzler & Kelly cannot be liable to the Plaintiff for his injuries, because Winzler & Kelly did not design, inspect, or have any contractual duty to design or inspect, the swimming pool steps on which he claims to

have been injured. Such a straightforward motion cannot justify granting any party the 49 days from March 31 to May 19 (seven times what the rules require) to respond to it.

7. That is even more true in this case, because Plaintiff's counsel has been on notice for months that Winzler & Kelly would be filing this motion, raising these issues. On June 23, 2005, more than nine months before this motion was filed, I sent a letter to Mr. McTernan and his partner Richard Fried asking that they dismiss Winzler & Kelly from the case for the same reasons that form the basis of this motion.[1] I attached numerous exhibits to this letter, which are substantially the same exhibits now submitted in support of the summary judgment motion, as well as a report from the same expert witness (Dean Gillham) who now has filed an affidavit in support of the summary judgment motion.[2] I then met with Mr. McTernan and Mr. Fried in Hawaii on June 30, 2005, and discussed these issues at length, again seeking dismissal from the case. On August 15, 2005, I advised Mr. McTernan and Mr. Fried that, if Winzler & Kelly were not dismissed from the case, it would be filing a motion for summary judgment on or after December 1, 2005, and that they should be prepared for it.[3] In fact, the motion was not filed until March 31, 2006. Plaintiff has thus had more than six months to prepare for this motion *before* it ever was filed, and (as noted above), has had more than a month already to prepare an opposition *since* it was filed.

---

[1] A true and correct copy of my letter is filed herewith as Exhibit 1. Due to its bulk, it is bound separately from this affidavit.

[2] See exhibits to Exhibit 1 (structural drawing, contracts, inspection reports, etc.)

[3] A true and correct copy of this letter, and Plaintiffs' counsel earlier letter to all counsel in the case on the same subject, is attached hereto as Exhibit 2.

8. In support of Plaintiff's motion, his counsel Mr. McTernan claims to have believed since March 28 that the motion would be heard on May 24 or May 25, and that his opposition would therefore be due fourteen days previously under the rules (i.e., May 10 or May 11). See McTernan Affidavit at ¶ 6. His belief was unreasonable. I never told him that the motion would be heard on May 24 or May 25. I told him only that, according to the court clerk, those dates were the most likely. See my e-mail to him, Exhibit A to McTernan Affidavit. He never agreed to a hearing on those dates, or on any other date, so I requested the Court to set any date from May 8 to May 26, and served a copy of this request on Plaintiff's local counsel, together with the motion on March 31.[4] Plaintiff's counsel has thus been on notice ever since the motion was filed that it could potentially be set for hearing as early as May 8, in which case the due date for the opposition would be 14 days previously -- i.e., April 24 (yesterday). Reasonable prudence would therefore dictate that the opposition should have been ready for filing yesterday, in case the Court were to set a May 8 hearing date.

9. Even if Mr. McTernan's mistaken belief that the hearing was already set for May 24 or 25 was reasonable, it still would not justify the extension he now seeks. His misunderstanding could perhaps justify a request to extend time to May 10 (14 days prior to May 24). It cannot justify a request to extend time to May 19. Under no circumstances could Plaintiff's counsel ever have believed that his opposition would be due that late, which is only 5-6 days before the hearing date he claims to have expected.

---

[4] A true and correct copy of the Request For Hearing Date, stamped received by Plaintiff's local counsel Mr. Kim, is attached hereto as Exhibit 3.

In fact, I have already agreed earlier today to allow Plaintiff to file his brief up to May 10, provided Winzler & Kelly can file its reply by May 22, and have the motion heard on May 25.[5] Plaintiff's counsel has not yet responded to this proposal.

10. Mr. McTernan also states that the day he received Winzler & Kelly's motion, he flew out of the country and was out of the country and out of his office though the end of the following week. See McTernan Affidavit at ¶ 7. He fails to mention, however, that he advised me of this ahead of time, and asked that I send the motion to his personal e-mail so he could review it on his trip.[6] I did send the motion to his personal e-mail. Therefore, Plaintiff cannot fairly claim this as lost time justifying an extension of time.

11. Even if Mr. McTernan has been unusually busy, he is not the only attorney to represent Plaintiff in this matter. His partner Mr. Fried has also been actively involved in the case. Mr. Fried has represented Plaintiffs at several important expert-witness depositions, and my understanding has always been that Mr. Fried is actually the lead trial lawyer for the case. When I met with Plaintiff's counsel in Hawaii to discuss the same issues that are raised in the current motion, I met with both Mr. McTernan and Mr. Fried. Mr. Fried was fully and actively engaged in the discussion, and is as fully apprised of the issues as is Mr. McTernan. I am aware of no reason why, even if Mr. McTernan has been otherwise occupied, Mr. Fried or some other member of the firm could not prepare an opposition to the motion.

---

[5] A true and correct copy of my e-mail making this proposal is attached as Exhibit 4.

[6] A true and correct copy of his e-mail to me is attached hereto as Exhibit 5.

I declare upon penalty of perjury under the laws of the United States of America and the Commonwealth of the Northern Mariana Islands that the foregoing is true and correct to the best of my knowledge and belief, and that if called upon to testify, I could and would testify competently and in accordance herewith.

Executed at Saipan, CNMI, this 25th day of April, 2006.

ROBERT J. O'CONNOR

## ACKNOWLEDGMENT

Subscribed and sworn to before me, a Notary Public in and for the Commonwealth of the Northern Mariana Islands, this 25th day of April, 2006, by Robert J. O'Connor.

NOTARY JOSEPH E. HOREY
Notary Public
Commonwealth of the Northern Mariana Islands
My Commission expires: February 3, 2007

# EXHIBIT
# 2

**SAIPAN OFFICE**
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950-1969
Telephone: (670) 234-5684/5
Fax: (670) 234-5683
E-mail: attorneys@saipan.com

**HONOLULU OFFICE**
Suite 2800, Pacific Tower
Bishop Square, 1001 Bishop Street
Honolulu, Hawaii 96813-3580
Telephone: (808) 585-8858
Fax: (808) 599-4198
E-mail: mark@shklovlaw.com

**GUAM OFFICE**
Suite 503, Bank of Guam Bldg.
111 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone: (671) 477-2778
Fax: (671) 477-4366
E-mail: bermlaw@kuentos.guam.net

**POHNPEI OFFICE**
Second Floor, Ace Commercial Building
P.O. Box 1491, Kolonia, Pohnpei,
Federated States of Micronesia, 96941
Telephone: (691) 320-2868
Fax: (691) 320-5450
E-mail: bermlaw@mail.fm

# O'CONNOR BERMAN DOTTS & BANES
## ATTORNEYS AT LAW
### SAIPAN OFFICE
www.pacific-lawyers.com

August 15, 2005

**BY EMAIL**

L. Richard Fried, Esq., Patrick F. McTernan, Esq.
Cronin, Fried, Sekiya, Kekina & Fairbanks
841 Bishop Street, Suite 600
Honolulu, Hawaii 96813-3962

*Re: Hun Sang Lee v. Royal Orchid Hotel, et al.*

Dear Messrs. Fried and McTernan:

I hope all is well with you both in Honolulu.

It has been a little over six weeks since we met in your office in Honolulu. At that time I requested you consider dismissing Winzler & Kelly from your lawsuit. You advised that you were first going to consult an independent-minded structural engineer to get his views, before responding.

Have you had an opportunity to obtain his views and make a decision on my request? If you have not yet decided or if you have decided to keep Winzler & Kelly in the case, please be advised that Winzler & Kelly will file a motion for summary judgment on or after December 1, 2005. We ask that you conduct whatever discovery you feel you might need to meet that timetable. Winzler & Kelly will make itself available for a rule 30(b)(6) deposition or any other discovery of your choosing on an expedited basis. We do not want Rule 56(f) used to delay disposition of our intended motion and we will therefore assist you in any reasonable way in helping you complete discovery on your claims against Winzler & Kelly.

As previously advised, Dean Gillham will be Winzler & Kelly's expert witness on the issues raised in my June letter to you and he too will be available for an oral deposition upon reasonable notice.

My best regards to you both.


/s/
Robert J. O'Connor


2003-11-050815-LTR-RFriedMcTernan.doc

## O'Connor Berman Dotts & Banes

**From:** "O'Connor Berman Dotts & Banes" <attorneys@saipan.com>
**To:** "L. Richard Fried, Jr." <lfried@croninfried.com>; "Patrick F. McTernan" <pmcternan@croninfried.com>
**Sent:** Monday, August 15, 2005 4:48 PM
**Attach:** 2003-11-050815-LTR-RFriedMcTernan.doc
**Subject:** Lee v. Royal Orchid Hotel, et al.: Aug/15/05 Letter

## Cronin, Fried, Sekiya, Kekina & Fairbanks
*Attorneys at Law, A Law Corporation*

Paul F. Cronin
Gerald Y. Sekiya
David L. Fairbanks
Stuart A. Kaneko
Keith K. H. Young
Patrick F. McTernan
Sylvia J. Luke

L. Richard Fried, Jr.
Wayne K. Kekina
John D. Thomas, Jr.
Bert S. Sakuda
Gregory L. Lui-Kwan
Geoffrey K. S. Komeya
Clarence S. K. Kekina
Denise K. H. Kawatachi

Howard G. McPherson, Of Counsel

Davies Pacific Center, Suite 600
841 Bishop Street
Honolulu, Hawaii 96813-3962

Telephone (808) 524-1433
Toll Free 1 (800) 227-8601
Facsimile (808) 536-2073
E-mail cfskf@croninfried.com
www.croninfried.com

*Email text to Bob 7/06/05*

July 1, 2005

Robert L. Keogh, Esq.
Law Office of Robert L. Keogh
251 Martyr Street, Room 105
Hagåtña, Guam 96910

Jason S. Kim, Esq.
Young's Professional Building, Suite 303
788 North Marine Drive
Upper Tumon, Guam 96913

G. Patrick Civille, Esq.
Civille & Tang, PLLC
330 Hernan Cortez Avenue, Suite 200
Hagåtña, Guam 96910

Thomas C. Moody, Esq.
Klemm, Blair, Sterling & Johnson
238 Archbishop F.C. Flores Street, Suite 1008
Pacific News Building
Hagåtña, Guam 96910

Randall Todd Thompson, Esq.
Mair, Mair, Spade & Thompson
238 A.F.C. Flores Street
Suite 801, Pacific News Building
Hagåtña, Guam 96910

Robert J. Martin, Jr., Esq.
Harvey J. Lung, Esq.
Calvo & Clark
655 South Marine Corp. Dr.
Suite 202
Tamuning, Guam 96913

Re: Lee vs. Manhattan Guam, Inc., et al.
Civil Case No. CV 04-00027

Dear Counsel:

Bob O'Connor, counsel for Winzler & Kelly, has compiled information which he believes shows that Winzler & Kelly had no involvement in the design, construction, etc., of the subject pool and warrants dismissal of Winzler & Kelly from the case. He is willing to consider dismissal without prejudice and a waiver of the statute of limitations. We will, of course, be reviewing this proposal. We ask that you also review this proposal and let us know what your position would be regarding such a dismissal. Essentially, we are trying to determine whether all of the other defendants are in agreement with Bob O'Connor that Winzler & Kelly had no responsibility with respect to the design, construction, inspection and/or maintenance of the subject pool.

Thank you for your anticipated cooperation in this matter.

Very truly yours,

L. Richard Fried, Jr.
Patrick F. McTernan

LRF/PFM:dmp
Enclosure
cc: Robert J. O'Connor, Esq. (w/o Enclosure)

# EXHIBIT
# 3

RANDALL TODD THOMPSON
MAIR, MAIR, SPADE & THOMPSON
Suite 801, Pacific News Building
238 Archbishop F.C. Flores Street
Hagåtña, Guam 96910
Phone: (671) 472-2089
Fax: (671) 477-5206

ROBERT J. O'CONNOR
O'CONNOR BERMAN DOTTS & BANES
Second Floor, Nauru Building
Susupe, Saipan, CNMI
Mail: PO Box 50-1969 Saipan MP 96950
Phone: (670) 234-5684
Fax: (670) 234-5683

Attorneys for Defendant Winzler & Kelly Consulting Engineers



**FILED**
DISTRICT COURT OF GUAM

MAR 31 2006

**MARY L.M. MORAN
CLERK OF COURT**



### IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| HUN SANG LEE,                      ) | Civ. No. CIV 04-00027 |
|                   Plaintiff,    ) | |
|                       ) | **REQUEST FOR** |
|         vs.                  ) | **ORAL ARGUMENT** |
|                       ) | |
| MANHATTAN GUAM, INC., et al.,    ) | |
|                       ) | |
|                 Defendants.   ) | |
| _____ ) | |

Defendant Winzler & Kelly, pursuant to Local Rule 7.1, hereby requests that oral

argument be heard on its Motion For Summary Judgment on any date convenient to the

Court between May 8 and May 26, 2006. The party opposing the motion (Plaintiff) has

not agreed to an oral argument date.

Respectfully submitted this 31st day of March, 2006.

                     MAIR MAIR SPADE & THOMPSON
                     O'CONNOR BERMAN DOTTS & BANES
                     Attorneys for Defendant Winzler & Kelly

                     By: _____
                         **RANDALL TODD THOMPSON**

3:10 PM

*LAW OFFICES OF JASON KIM*
3/31/06

Law Offices
O'Connor Berman Dotts & B
RECEIVED
By:
Date:

## CERTIFICATE OF SERVICE

I, **SANDRA E. CRUZ,** hereby certify that I have caused a copy of the **REQUEST FOR ORAL ARGUMENT,** to be served upon the following offices as set forth below:

On March 21, 2006, via hand-delivery to:

>Jason S. Kim, Esq.
>Law Offices of Jason S. Kim
>Suite 203, Young's Professional Building
>788 N. Marine Drive
>Upper Tumon, Guam 96913
>
>*Attorney for Plaintiff Hun Sang Lee*
>
>G. Patrick Civille, Esq.
>Civille & Tang, PLLC
>330 Hernan Cortez Avenue, Suite 200
>Hagåtña, Guam 96910
>
>*Attorneys for Defendant, Cross-Claimant and Cross-Defendant*
>    *Manhattan Guam, Inc. Dba Royal Orchid Hotel*
>
>Michael A. Pangelinan, Esq.
>Jennifer Calvo-Quitugua, Esq.
>Calvo & Clark, LLP
>655 S. Marine Corps Drive, Suite 202
>Tamuning, Guam 96913
>
>*Attorneys for Defendant, Cross-Defendant and Cross-Claimant*
>    *Anthony Robins and Associates*
>
>Oscar A. Coloma
>O.A. Coloma, P.C.
>Suite 35, Paraoceana Business Center
>Dededo, Guam 96929
>
>*Pro Se*

On March 31, 2006, via facsimile transmission to:

# EXHIBIT
# 4

## O'Connor Berman Dotts & Banes

**From:** "O'Connor Berman Dotts & Banes" <attorneys@saipan.com>
**To:** "Patrick F. McTernan (AOL)" <PFMcT@aol.com>; "Patrick F. McTernan" <pmcternan@croninfried.com>
**Cc:** "Randall Todd Thompson" <Thompson@mmstlaw.com>; <jasonk0716@yahoo.com>; <dianep@croninfried.com>; "Richard Fried" <rfried@croninfried.com>
**Sent:** Tuesday, April 25, 2006 11:29 AM
**Subject:** Re: LEE - MSJ Hearing Date/Briefing Schedule

Pat:

Actually, under the rules, we didn't need to even file the motion until next Thursday (May 4) for a May 25 hearing date. See Local Rule 7.1 (file at least 21 days before hearing).

We filed it on March 31, more than a month earlier than required, per your request to see it before you went on vacation. By our doing so, you have already had 24 days to work on the motion (March 31-April 24), and our proposed due date of May 8 would give you an additional 14 days (April 25-May 8). This gives you a total of 38 days, where the rules require only seven. See Local Rule 7.1 (opposition due 14 days before hearing). In other words, you will have more than five times longer than the rules require for preparing your opposition. In return, we ask only 14 days (two times what the rules require) for our reply. Surely this is more than reasonable.

Under your proposal, by contrast, you would have 46 days (March 31-May 16) to prepare your opposition, while we would have only seven or eight for our reply. This does not seem so reasonable.

I recognize that you will be in Korea, but I don't think our deposition schedule is so rigorous as to preclude you from completing your opposition brief, especially considering that: a) you have already been working on it; b) the time in Korea includes two empty days; and c) you are not the only lawyer in your firm working on this case.

Still, if you really need it, I suppose I can agree to give you until May 10, provided you agree to our reply being filed May 22.

Best regards,

Bob O'Connor

Confidentiality Notice: The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please notify us immediately at attorneys@saipan.com or by telephone at (670) 234-5684 and destroy all copies of the original message.

# EXHIBIT
# 5

## O'Connor Berman Dotts & Banes

| | |
|---|---|
| **From:** | "Patrick McTernan" <pmcternan@croninfried.com> |
| **To:** | "O'Connor Berman Dotts & Banes" <attorneys@saipan.com> |
| **Cc:** | "Diane Peter" <Diane@croninfried.com> |
| **Sent:** | Friday, March 31, 2006 5:20 PM |
| **Subject:** | LEE - Dispositive Motion |

Bob,

I will be out of town from fairly early tomorrow for about a week, so when your dispositive motion is ready, in addition to sending it to my office could also please send it to my personal e-mail address (PFMcT@aol.com)?

Mahalo.

Pat

Patrick F. McTernan, Esq.
Cronin, Fried, Sekiya, Kekina & Fairbanks
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Tel.:     (808) 524-1433
          (808) 539-9804 (direct)
          (800) 227-8601
Fax:      (808) 536-2073
E-Mail:   pmcternan@croninfried.com
          PFMcT@aol.com