FILED
DISTRICT COURT OF GUAM
MAY -1 2006
MARY L.M. MORAN
CLERK OF COURT

CRONIN FRIED SEKIYA
KEKINA & FAIRBANKS
841 BISHOP STREET, SUITE 600
HONOLULU, HAWAII 96813
TELEPHONE: (800) 227-8601/(808) 524-1433

JASON S. KIM, ESQ.
SUITE 303, YOUNG'S PROFESSIONAL BUILDING
UPPER TUMON, GUAM 96913
TELEPHONE: (671) 649-8123

*Attorneys for Plaintiff Hun Sang Lee*

## DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| HUN SANG LEE, | ) | CIVIL CASE NO. CV04-00027 |
| Plaintiff, | ) ) | PLAINTIFF'S REPLY TO DEFENDANT |
| vs. | ) ) | WINZLER & KELLY'S 4/26/06 OPPOSITION TO PLAINTIFF'S EX |
| MANHATTAN GUAM, INC., et al., | ) ) | PARTE APPLICATION FOR EXTENSION OF TIME |
| Defendants. | ) ) | |
| MANHATTAN GUAM, INC. dba ROYAL ORCHID HOTEL, | ) ) ) | |
| Cross-Claimant, | ) ) | |
| vs. | ) ) | |
| ANTHONY ROBINS AND ASSOCIATES, et al., | ) ) ) | |
| Cross-Defendants. | ) ) ) | |

**ORIGINAL**

| | |
|---|---|
| WINZLER & KELLY CONSULTING ENGINEERS, | ) ) ) |
| Third-Party Plaintiff, | ) ) |
| vs. | ) ) |
| VSL PRESTRESING (GUAM), INC., | ) ) |
| Third-Party Defendant. | ) ) |
| ANTHONY ROBINS AND ASSOCIATES, | ) ) |
| Cross-Claimant, | ) ) |
| vs. | ) ) |
| MANHATTAN GUAM, INC. dba ROYAL ORCHID HOTEL, | ) ) ) |
| Cross-Defendants. | ) ) |

## INTRODUCTION

Defendant Winzler & Kelly Consulting Engineers (hereinafter "WK") has filed a Motion for Summary Judgment as to Plaintiff's claims against it (hereinafter "MSJ"). Due to Plaintiff's counsel's extremely heavy travel schedule, and a misunderstanding about whether and/or when there would be a hearing on WK's MSJ, Plaintiff's counsel applied for additional time to respond to WK's MSJ (hereinafter "Application for Extension"). WK has opposed Plaintiff's Application for Extension, primarily because its attorney wants to go on vacation for two months in June and July and therefore wants to push for a hearing on the motion before that time. While Plaintiff and his attorneys can appreciate the desire of WK's counsel to enjoy time off from work – even for such a lengthy period of time – that is not a legitimate reason to deny a severely

disabled personal injury plaintiff a fair opportunity to respond to a dispositive motion regarding his claims. The incident that precipitated this lawsuit rendered Plaintiff paraplegic, and this lawsuit is his one and only opportunity to obtain fair compensation for that injury. He should not be deprived of that opportunity merely because defense counsel wants to go on vacation, or because, by unfortunate happenstance, WK chose to file its MSJ at a time when Plaintiff's counsel was scheduled to be out of the country for almost a month on business relating to this case.

WK and its attorney assert that their MSJ is simple and straightforward -- as MSJ's should be, because they are not supposed to be granted unless the facts and the law are so clear that there is no room for debate. Plaintiff does not agree with WK's characterization, but Plaintiff is willing to put WK's assertion to the test. If, in fact, the MSJ is as straightforward as WK claims, then WK should be willing to have the matter decided without a hearing. Its motion was supported by a detailed memorandum that exceeded the usual page limits, and by affidavits from its employee and one of its experts. If the materials WK filed are not already sufficient to persuade the Court, then summary judgment is clearly not warranted and no amount of argument by counsel can change that. Therefore, strictly speaking, a hearing should be unnecessary for WK.

And if there is no need for a hearing, then there is no conflict with defense counsel's vacation schedule and no reason to deny Plaintiff's requested extension. Plaintiff believes that if he is given the requested extension he will be able to adequately respond to WK's MSJ and he is willing to forego a hearing. Therefore, Plaintiff requests that no hearing be set, that Plaintiff be given until May 19, 2006 to respond to the MSJ, and that WK's reply memorandum be due seven (7) days later, as provided in the rules, so that its attorney can file the reply before he leaves on

vacation. This solution is fair to all parties and cannot reasonably be opposed by WK if it truly believes the facts and law are so clear that summary judgment is warranted.

Alternatively, if WK insists on a hearing, Plaintiff proposes the following, which is substantially similar to a proposal Plaintiff has already proposed to WK and WK rejected:

1. That the hearing be set for May 25 or May 26, 2006;

2. That Plaintiff be given until the close of business on Tuesday, May 16, 2006 (Guam time) (Monday, May 15, 2006 Hawaii time) to send an unfiled copy of Plaintiff's memorandum in opposition and related documents to the office of WK's attorney, Robert J. O'Connor, Esq., by e-mail or facsimile, or to the office of WK's local Guam counsel, Randall Todd Thompson, Esq., by e-mail, facsimile or hand-delivery;

3. That Plaintiff be given until the close of business on Friday, May 19, 2006 (Guam time) to file his memorandum in opposition and related documents (this will allow the additional time needed for shipping the opposition, exhibits and affidavits from Hawaii to Guam); and

4. That WK be allowed until May 22 or May 23, 2006, seven (7) days after Plaintiff sends his opposition to WK's attorney, to file WK's reply.

Finally, as yet a third alternative, Plaintiff suggests that the hearing on WK's MSJ be postponed until after WK's counsel returns from vacation. All of these proposed solutions would allow WK's attorney to take his vacation without unnecessarily prejudicing Plaintiff

## ARGUMENT

1. To briefly recap the reasons for Plaintiff's ex parte application for extension of time: In late March, before WK filed its MSJ, WK's attorney e-mailed counsel for the parties that he intended to file the motion and was attempting to set a hearing date in early- to mid-May.

- 4 -

A later e-mail informed all counsel that the Court Clerk said it was unlikely the earlier dates could be obtained and that the most likely dates for a hearing would be May 24 or May 25. The second e-mail asked if there was any objection to those dates, and to the best of Plaintiff's knowledge, no objection was ever made. Nevertheless, when WK subsequently filed its motion it represented that no hearing date was agree to and asked that the hearing be set between May 8 and May 26. This one-page request was buried among the MSJ documents, and WK's attorney did not send a follow-up e-mail to bring this change to the attention of Plaintiff's counsel. As a result, Plaintiff's counsel understood and believed that the hearing would be set for May 24 or May 25, and that Plaintiff's opposition would therefore not be due until some time in early May.

2. At the time that Plaintiff's counsel, Patrick McTernan ("McTernan"), received the e-mails from WK's attorney, he was scheduled to be out of his office and out of the country for most of the time between the filing of WK's motion (which had not been filed) and the time when the opposition would be due. Plaintiff's counsel telephoned WK's attorney, told him that Plaintiff's counsel would be out of the country on business for most of April and into May, and asked him to delay the filing of the MSJ until a later date so that Plaintiff would have an adequate opportunity to respond. WK's attorney declined to do so, and represented that WK's motion was short, simple and straightforward, and Plaintiff's counsel should review the motion before becoming concerned about the ability to respond. WK's attorney also said that he would give Plaintiff additional time to respond if needed.

3. As noted in the ex parte motion, Plaintiff's counsel received the MSJ only a few hours before leaving the country, and was out of his office and out of the country for most of the time after that on important legal business. He was only back in his office once or twice, for a day or two at a time. Then, Plaintiff's local Guam counsel unexpectedly received a message

from the Court's Law Clerk stating that Plaintiff's opposition to the MSJ was overdue. When Plaintiff's counsel spoke to the Law Clerk, he was advised (apparently in error) that a hearing had <u>not</u> been requested and therefore Plaintiff's opposition had been due 14 days after the motion was filed. Hence, Plaintiff filed his Application for Extension. The application was filed *ex parte* because Plaintiff needed to file the motion promptly or risk a dismissal of his claims, and Plaintiff's counsel was unable to contact WK's lead counsel, who was reportedly traveling in Australia.

4. Plaintiff's counsel was already in Seoul, Korea, for depositions in this case when WK filed its Opposition on April 26, 2006. Those depositions will continue until Saturday, May 6, 2006, after which Plaintiff's counsel will be flying to Saipan for a mediation of this case with Judge Alex R. Munson on Tuesday, May 9, 2006. Therefore, when WK proposes a deadline of May 10, 2006 for Plaintiff's opposition to WK's MSJ, it does so *knowing* that Plaintiff's counsel will not be back in his office at all between now and then, and knowing that Plaintiff's counsel is in a foreign country, without ready access to his office staff or his complete case file. WK's proposal of a deadline of May 10th is therefore not an effort to be fair, but merely an effort to appear fair, while in fact doing everything possible to prejudice Plaintiff.

5. WK's attorney acknowledges in his Opposition that the reason he is pressing for a May hearing date is because he will be traveling in the U.S. in June and July. See Opposition at 3, ¶ 2. In previous conversations, before this dispute arose, WK's attorney indicated that he would be on vacation during this time. See Declaration of Patrick F. McTernan.

6. WK asserts that Plaintiff's requested extension would not afford WK enough time to prepare a reply memorandum. That is not accurate. Before WK's Opposition was filed, Plaintiff's counsel offered to transmit an unfiled copy of Plaintiff's memorandum in opposition

- 6 -

and related documents to WK's attorney when they were sent out from Hawaii to Guam. That would have been on or before May 15, 2006, Hawaii time, which <u>would</u> have afforded WK the full seven (7) days to file a reply memorandum provided for in the rules. Under LR 7.1(d)(1)(A) and LR 7.1(d)(1)(B), respectively, on a hearing motion Plaintiff would have had until 14 days before the hearing to file an opposition, and WK would have until seven (7) days before the hearing, i.e., until seven (7) days after Plaintiff's opposition, to file its reply. Plaintiff's proposed solution would have afforded WK a full seven days to respond to Plaintiff's opposition. If anyone would have been prejudiced by this proposed schedule, it would be Plaintiff, because his attorneys would receive WK's reply only two to three days before the hearing, instead of a full seven days before.

7. WK claims it will be unduly and unfairly prejudiced if the hearing on its MSJ is delayed (WK Opposition at 3, ¶ 3), but it provides no support – or even explanation – for that assertion. Discovery is already set for cut-off in just a few weeks, on June 12, 2006, so postponing the MSJ hearing until August would not substantially impact WK.

8. WK contends that Plaintiff has had more than enough <u>time</u> to respond to WK's MSJ and therefore the Application for Extension should be denied. WK Opposition at 3-4, ¶ 4. But <u>time</u> alone is not the issue – the central issue is whether Plaintiff has been given adequate <u>opportunity</u> to respond, and Plaintiff respectfully submits that he has not. WK was advised before it filed the MSJ that Plaintiff's counsel would be traveling on business out of the country for most of the time between the filing of its MSJ and the time an opposition would be due. WK <u>knew</u> that a substantial portion of that time would be the current deposition trip in Korea for this case, as well as other deposition in Guam in this case. Because Plaintiff's counsel has been

-7-

traveling so extensively for the entire time, and will continue to be traveling through the very deadline that WK proposes, Plaintiff has <u>not</u> had an adequate opportunity to respond to the MSJ.

9. Lest the Court think that this very document is an indication that Plaintiff's counsel can reasonably prepare an MSJ opposition while on the road, the Court should know that Plaintiff's counsel is personally typing this memorandum in the middle of the night, without access to many documents in his files in Hawaii, such as his e-mail to WK's attorney offering to send him the unfiled copy of Plaintiff's opposition when it is sent out from Hawaii. The logistical difficulties of preparing this simple document while attending depositions every day pale in comparison to the logistical difficulties that preparing the MSJ opposition on the road would entail. As noted in Plaintiff's Application for Extension, the opposition, the depositions, or both would suffer – and potentially result in extreme prejudice to Plaintiff – if Plaintiff's counsel is forced to prepare the MSJ opposition while traveling. It is critical that Plaintiff's counsel have some reasonable period of time after returning to his office in Hawaii to prepare the opposition.

10. WK is also disingenuous when it suggests that Plaintiff has had many months to prepare its opposition to WK's MSJ because WK's attorney sent Plaintiff's counsel a letter outlining its theory of non-liability. First, Plaintiff's counsel cannot prepare opposition memoranda in the abstract to every motion an opponent might possibly file. Plaintiff's counsel needs to <u>see</u> the motion before he can begin to respond to it. Plaintiff's counsel cannot know what exhibits, deposition testimony, interrogatory answers, documents, or other materials might be necessary or helpful until they receive the motion, and cannot decide what arguments to make until the motion is reviewed.

- 8 -

11. Second, Plaintiff's counsel had every reason to believe that WK would abandon its hope of obtaining summary judgment after it received the reports of Plaintiff's experts, and certainly after it took their deposition. The opinions of Plaintiff's experts show that the issue is not so cut-and-dried as WK believes.

12. Third, some very important aspects of WK's MSJ are new materials. The Affidavit of John Jones, for example, is new, as is the Affidavit of WK's structural engineering expert, Dean Gillham. To this day, Plaintiff's counsel has not had a reasonable opportunity to consult with his experts to find out what they would care to say in response to those affidavits. It is simply disingenuous of WK to suggest that Plaintiff's counsel should have or could have prepared the opposition to WK's MSJ before WK even filed its motion.

13. WK also claims that it is unreasonable for Plaintiff's counsel to have overlooked its one-page Request for Oral Argument, which instead of asking for a hearing date on May 24 or May 25 as defense counsel's e-mail had indicated, asked for a hearing date at any time between May 8 and May 26, 2006. The theory seems to be that it was foolish of Plaintiff's counsel to trust WK's attorney to do what he said he was going to do. In future, Plaintiff's counsel will keep that in mind. But it certainly shouldn't be considered unreasonable for one member of the bar to trust another – who is an officer of the Court – to do what he says he will do. The legal profession is in a sad state indeed if that is the case.

14. It was also not unreasonable of Plaintiff's counsel to overlook the Request for Oral Argument, because when Plaintiff's counsel did, from time to time, have an opportunity to review WK's MSJ, Plaintiff's counsel focused on the substance of the motion.

15. WK argues that its attorney never said the hearing would be set on May 24 or May 25. See WK Opposition at 5-6, ¶ 7. WK conveniently ignores the fact that the e-mail from its

attorney asked all counsel if there was any objection to those dates (see Exhibit "C" to Application for Extension, Supporting Affidavit of Patrick F. McTernan). To the best of Plaintiff's knowledge no one objected to those dates, and therefore there was agreement regarding potential hearing dates. Nevertheless, WK filed a Request for Oral Argument that inaccurately represented that Plaintiff had not agreed to any dates. The unreasonable conduct and mental state here is not that of Plaintiff's counsel but of WK and its attorneys.

16. Finally, it is disingenuous of WK to suggest that Mr. McTernan's partner, Richard Fried, has been actively involved in the case and could or should prepare the opposition to WK's MSJ. Although Mr. Fried is technically lead counsel on this case, Mr. McTernan has been taking and defending all but two of the depositions in this case, and Mr. McTernan is the one who has been working with all of Plaintiff's construction/safety/human factors/liability experts, including the experts whose opinions are implicated by WK's MSJ. Mr. Fried himself has a heavy case load, and it simply would not be practicable for him to have familiarized himself with the voluminous depositions and discovery in time to file an opposition any sooner than Mr. McTernan.

## CONCLUSION

WK's position is unreasonable, and Plaintiff has proposed three reasonable alternatives that each would allow WK's attorney to depart for his vacation on time without unnecessarily prejudicing Plaintiff. Therefore, Plaintiff respectfully requests that his Application for Extension be granted.

Respectfully submitted this 1st day of May, 2006.

Case 1:04-cv-00027   Document 134   Filed 05/01/2006   Page 10 of 11

CRONIN FRIED SEKIYA
KEKINA & FAIRBANKS

JASON S. KIM, ESQ.

By _____
PATRICK F. MCTERNAN, ESQ.
Attorneys for Plaintiff