```
                                    FILED
                            DISTRICT COURT OF GUAM
                                 MAY -1 2006
                               MARY L.M. MORAN
                               CLERK OF COURT
```

**CRONIN FRIED SEKIYA**
**KEKINA & FAIRBANKS**
841 BISHOP STREET, SUITE 600
HONOLULU, HAWAII 96813
TELEPHONE:    (800) 227-8601/(808) 524-1433

**JASON S. KIM, ESQ.**
SUITE 303, YOUNG'S PROFESSIONAL BUILDING
UPPER TUMON, GUAM 96913
TELEPHONE:    (671) 649-8123

*Attorneys for Plaintiff Hun Sang Lee*

## DISTRICT COURT OF GUAM

| | |
|---|---|
| HUN SANG LEE, | ) CIVIL CASE NO. CV04-00027 )|
| Plaintiff, | ) DECLARATION OF PATRICK F. ) McTERNAN IN SUPPORT OF |
| vs. | ) PLAINTIFF'S REPLY TO DEFENDANT ) WINZLER & KELLY'S 4/26/06 |
| MANHATTAN GUAM, INC., et al., | ) OPPOSITION TO PLAINTIFF'S EX ) PARTE APPLICATION FOR |
| Defendants. | ) EXTENSION OF TIME ) |
| MANHATTAN GUAM, INC. dba ROYAL ORCHID HOTEL, | ) ) ) |
| Cross-Claimant, | ) ) |
| vs. | ) ) |
| ANTHONY ROBINS AND ASSOCIATES, et al., | ) ) ) |
| Cross-Defendants. | ) ) |

ORIGINAL

| | )|
|---|---|
|WINZLER & KELLY CONSULTING ENGINEERS,| )<br>)<br>)|
| | )|
|Third-Party Plaintiff,| )|
| | )|
|vs.| )|
| | )|
|VSL PRESTRESING (GUAM), INC.,| )|
| | )|
|Third-Party Defendant.| )|
| | )|
|ANTHONY ROBINS AND ASSOCIATES,| )|
| | )|
|Cross-Claimant,| )|
| | )|
|vs.| )|
| | )|
|MANHATTAN GUAM, INC. dba ROYAL ORCHID HOTEL,| )<br>)|
| | )|
|Cross-Defendants.| )<br>)|

**PATRICK F. McTERNAN** hereby declares as follows:

1. From a time well before Defendant Winzler & Kelly Consulting Engineers (hereinafter "WK") announced its intent in late March to file a Motion for Summary Judgment as to Plaintiff's claims (hereinafter "MSJ"), I was scheduled to be traveling to and in Korea from March 31, 2006 through the following week. Immediately after that, I was scheduled to be traveling to or in Guam for most of the succeeding week to attend depositions for this case and to meet with my local counsel to review documents and deal with other matters relating to this case. I flew back to Hawaii on Saturday, April 15, 2006.

2. During the trips to Korea I was engaged full-time in preparing witnesses for depositions in this case that were scheduled to take place – and are now taking place – in Korea

from April 27 to May 6, 2006. I did not have spare time to prepare an opposition to WK's MSJ. Moreover, I received WK's MSJ just a few hours before my departure, while I was busy with the many preparations necessary for the Korea trip. Before my departure I had no opportunity to review the MSJ or gather together any of the many documents I would need to respond to WK's MSJ.

3. After the trip to Korea, I was only in my office for one day prior to my trip to Guam, and I had to spend that time preparing for the Guam trip. I flew back to Hawaii from Guam on Saturday, April 15, 2005. The following week, I was beginning to review the WK MSJ and beginning to formulate an opposition. However, in the middle of the week I received word that the Court Clerk had contacted my Guam co-counsel and advised him that Plaintiff's opposition was overdue. I contacted a Law Clerk at the Court and was advised that Plaintiff's opposition was due 14 days after the MSJ was filed because no hearing was requested. Thereafter, I was required to shift my attention to preparing and filing Plaintiff's Application for Extension.

4. On Monday, April 24th, I departed for Korea.

5. Thus, I simply have not had time or any reasonable opportunity to work on Plaintiff's opposition to WK's MSJ.

6. WK's opposition to Plaintiff's Application for Extension has only further served to impede my ability to devote time to Plaintiff's opposition, by requiring me instead to devote substantial time to preparing documents such as this and Plaintiff's reply memorandum.

7. I do not begrudge WK's counsel his desire to take a vacation – even a long one of the type he has contemplated – but WK's counsel knew well in advance of the filing that the Guam and Korea deposition trips were scheduled and that I would be attending them. Moreover,

WK's attorney has made no reasonable effort to accommodate Plaintiff's needs. By insisting that Plaintiff's opposition be filed by May 10, and that WK be entitled to file its reply as late as May 22, 2006, WK has not only offered Plaintiff no concession (Plaintiff would be entitled to file 14 days before the hearing, i.e., May 10), he has tried to coerce Plaintiff into affording WK far more time to file a reply – i.e., 12 days, from May 10 to May 22, rather than the seven days provided in the rules.

8. If the Court grants Plaintiff the extension requested, Plaintiff is prepared to have the Court decide the MSJ without a hearing.

9. WK and its attorney assert that their MSJ is simple and straightforward – as MSJ's should be, because they are not supposed to be granted unless the facts and the law are so clear that there is no room for debate. I disagree with WK's characterization, but Plaintiff is willing to put WK's assertion to the test by having the matter decided without a hearing.

10. To the best of my knowledge, no one objected when WK's attorneys inquired about May 24 and May 25 as potential hearing dates. I therefore reasonably expected that WK would do what could be done to obtain those hearing dates. As a result of my reasonable reliance on WK and its attorney to do this, when I received the MSJ and had time to look at it, I focused on the substantive portions of the memorandum and exhibits, not the Request for Oral Argument. Had I any notion that WK would claim there was no agreement to a hearing date after it proposed May 24 or May 25 and no one objected, I would of course have been far more vigilant.

11. At the time that I received the e-mails from WK's attorney, I telephoned WK's attorney and advised him of my heavy travel schedule. I asked him to postpone the filing of his motion but he refused. He then represented that WK's motion was short, simple and

- 4 -

straightforward, and I should review the motion before becoming concerned about the ability to respond. He also said that he would give us additional time to respond if needed.

12. The MSJ was not short and simple, and in fact WK filed a motion to exceed the usual page limits.

13. I was already in Seoul, Korea, for the aforementioned depositions in this case when WK filed its Opposition to Plaintiff's Application for Extension on April 26, 2006. These depositions are scheduled through Saturday, May 6, 2006, after which I will be flying to Saipan with Plaintiff for a mediation of this case with Judge Alex R. Munson on Tuesday, May 9, 2006. WK is participating in these depositions and the mediation. Therefore, when WK proposes a deadline of May 10, 2006 for Plaintiff's opposition to WK's MSJ, it does so *knowing* that I will be out of the country, and away from my office, staff and files until that time.

14. Earlier in the case, WK's attorney asked to have the discovery cut-off set in mid-May – months before the September trial date – because he said he planned to spend the Summer vacationing on the U.S. mainland with his children.

15. My partner, Richard Fried, is the lead counsel on this case, but he has not been actively involved in the discovery relating to issues raised by WK's MSJ. I have been taking and defending all but two of the depositions in this case, and I am the one who has been working with all of Plaintiff's construction/safety/human factors/liability experts, including the experts whose opinions are implicated by WK's MSJ. Mr. Fried himself has a heavy case load, and I have personal knowledge, based on my own familiarity with discovery in this case, that it simply would not be practicable for Mr. Fried to familiarize himself with the voluminous depositions and discovery in time to file an opposition any sooner than I could file one.

I declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge and information

Dated this 1st day of May, 2006.

                                                                    _____
                                                                    PATRICK F. McTERNAN